[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action in contract, claiming that it issued an automobile policy to the defendant which provided "no-fault" benefits pursuant to the provisions of Chapter 690 of the Connecticut General Statutes. The plaintiff further alleges that the defendant presented a claim for those benefits, which the plaintiff honored, and as a result, it paid the defendant the sum of $3,243.90 which the defendant refused to reimburse the plaintiff, despite having prevailed in a third party common law action against one Samuel Franklin.
When Franklin paid the defendant a sum of money in excess of the basic reparations payment, the terms of the contract required the defendant to reimburse the plaintiff. After filing an answer to the complaint and a special defense of breach of contractual duty by the insurance carrier, the defendant filed a counterclaim.
The counterclaim alleges that the carrier, while engaged in the commerce or trade of issuing insurance policies, failed to meet its obligation to the defendant to make timely payments of basic reparation benefits and that such conduct was deceptive, misleading and unfair, in violation of General Statutes, Sections42-110a, et seq. (CUTPA). CT Page 7464
Maryland Casualty filed an amended request to revise the counterclaim (110) and, prior to a ruling by the court, it thereafter filed a motion to strike the counterclaim for failure to state a claim upon which relief can be granted (112). Aronow claims that, pursuant to the rules of practice, the court cannot rule upon the motion to strike until there has been a ruling on the amended request to revise.
Section 112 of the Practice Book sets forth the order of pleading that "shall be as follows:"
(1) The plaintiff's complaint.
(2) The defendant's motion to dismiss the complaint.
(3) The defendant's request to revise the complaint.
(4) The defendant's motion to strike the complaint.
 (5) The defendant's answer (including any special defenses) to the complaint.
 (6) The plaintiff's request to revise the defendant's answer.
(7) The plaintiff's motion to strike the defendant's answer.
(8) The plaintiff's reply to any special defenses.
Absent a court order permitting a deviation, "the filing of any pleading provided for by [Section 112] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided. . ." Section 113, Practice Book.
Maryland Casualty Co. has followed the order of pleadings but has no order of court allowing it to proceed on the motion to strike before a court rules on its request to revise. The court has no authority to decide, sua sponte, the motion to strike until a decision on the request to revise has been rendered. See, i.e., Mainolfi v. ZBA, 146 Conn. 634, 635-36.
The request to revise the amended counterclaim is not before the court, the parties not having claimed for a hearing the objection thereto. Accordingly, the court is without jurisdiction to CT Page 7465 decide the motion to strike.
BY THE COURT
LEANDER C. GRAY, JUDGE