ROSE BERLANI *v.* ZONING BOARD OF APPEALS OF THE TOWN OF PLAINVILLE ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and BARBER, Js.

Argued October 13—decided December 15, 1970

*Allen J. Segal,* for the appellant (defendant J. W. Green Company, Inc.).

*Walter H. Scanlon* submitted a brief for the appellant (named defendant).

*Maxwell Heiman,* with whom, on the brief, were *Thomas J. O'Donnell, Charles L. Furey* and *Theodore M. Donovan,* for the appellee (plaintiff).

RYAN, J. The plaintiff appealed to the Court of Common Pleas from the action of the defendant board in granting the application of the defendant J. W. Green Company, Inc., hereinafter referred to as Green, for a variance to permit it to complete the erection of and to use an additional building on a lot occupied by it to house a baling machine and the controls of this machine. The variance was requested because "[p]ractical difficulties and unnecessary hardships would accrue to the applicant" if it were not granted. The application was granted January 30, 1967, on the ground that "the denial of the right to use modern, up-to-date methods in order to remain competitive would result in unnecessary hardship to the applicant". The plaintiff's appeal was sustained by the Court of Common Pleas, and the defendant board and Green have appealed to this court.

The defendants assign error in the conclusion of the trial court that the plaintiff was aggrieved by the ruling of the board. Evidence concerning this issue was presented to the court, and in a limited finding the following facts were found: The plaintiff owns property and lives in a house located at 62 Atwood Street in the town of Plainville. The Green property is visible from the plaintiff's property and is across the street and about 270 feet distant therefrom. The use by Green of a building constructed by it and the use of the machine for baling automobiles and other junk interferes with the plaintiff's enjoyment of her property because of erratic noise which startles and distracts her. In the course of the operation, the combustible parts of automobiles are burned before being placed in the baling machine. This causes a bad-smelling, dense, sticky smoke which flows onto her property, soiling her

laundry, damaging the paint on her house and causing her to become nauseated. There has been an increase in the smoke since the baling machine was installed, and the plaintiff's property has been reduced in value because of the use of the baling machine and the processing of junk for the machine. The plaintiff had the burden of alleging and proving that she was an aggrieved party by showing that she had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that she was specially and injuriously affected in her property and other legal rights. *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 507, 242 A.2d 705; *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545. The defendants assigned no error in the finding of subordinate facts. The conclusion of the trial court on the issue of aggrievement is legally and logically consistent with the findings of subordinate facts and cannot be disturbed. *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855.

The land in question consists of about seven acres on which Green operates a motor vehicle junk yard and a scrap metal business. The property is located partly in a residence A-2 zone and partly in an industrial zone. In 1950 Green's predecessor in title commenced to operate a scrap metal business on this land. On October 19, 1955, the zoning commission of the town of Plainville carved out a portion of this land, 150 feet by 300 feet in size, to be used as a motor vehicle junk yard. This parcel was located entirely in an industrial zone, and its use was limited by the board to a maximum of six motor vehicles on this parcel of land at any one time prior to complete dismantling. The burning of motor

vehicles was limited to one day a week. The business of Green expanded and many more than six cars were maintained on the premises. On June 9, 1966, the defendant Green obtained from the building inspector of the town of Plainville a permit to erect a building to house a baling machine. The plaintiff in the instant case appealed to the zoning board of appeals from the issuance of this permit. After a public hearing, the board reversed the building inspector on the ground that "[t]he use of such a building and baling machine together with the processing procedure would be considered an expansion of a non-conforming use." At that time the building was partially completed. On November 21, 1966, Green filed an application for the variance which is the subject of the instant appeal. The defendants assign error in the conclusion of the trial court that the action of the defendant board was unreasonable.

The regulations empower the board of appeals to grant a variance "where carrying out the strict letter of the provisions would result in practical difficulties or unnecessary hardships." Plainville Planning & Zoning Regs., § 19 (3) (1966). The power to grant a variance should be exercised sparingly. *Gregorio* v. *Zoning Board of Appeals,* 155 Conn. 422, 427, 232 A.2d 330. An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general impact which the regulation has on other properties in the zone. *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 383, 232 A.2d 922. An examination of the record indicates no evidence of either practical difficulties or unnecessary hardship. The defendant board's decision that "the denial of the right to use modern, up-to-date methods in

order to remain competitive would result in unnecessary hardship to the applicant" does not meet this requirement. Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulation, as applied, bears so little relationship to the purposes of zoning that, as to particular premises, the regulation has confiscatory or arbitrary effect. *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 431, 224 A.2d 713. The board made no finding that the effect of the regulation on Green's property is confiscatory or arbitrary, and there is nothing in the record to support such a finding.

The trial court was correct in refusing to approve the action of the board in granting the variance. The claim of Green that it applied for and received a special exception is completely without merit. The application speaks for itself. Since this conclusion is dispositive of the appeal, it is unnecessary to discuss the remaining assignments of error.

There is no error.

In this opinion the other judges concurred.