[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's appeal on a denial of an application for a sideyard and rear yard variance under Sec. 434 of the Hamden CT Page 1260 Zoning Regulations by the Hamden Zoning Board of Appeals ("ZBA") is dismissed. The court finds that while the record is silent as to the reasons for the denial, the ZBA acted properly within its discretion. The court finds that the plaintiff did not prove any unusual hardship, and that any alleged hardship was self-created.
The plaintiff's residence is a single family home in an R-4 zone. Section 434 of the Hamden Zoning Regulations requires a sideyard setback in an R-4 zone of at least 12 feet and a rear yard of not less than 25 feet.
The variance being appealed is the second application for a Sec. 434 variance filed by the plaintiff in connection with the same project. The plaintiff had earlier received a sideyard variance on April 30, 1989, to build a three-story addition to the rear of his residence. That variance permitted the plaintiff to build the addition of 6.5 feet, which was the same setback of the existing structure, the construction of which predated the enactment of the Hamden Zoning Regulations.
After receiving the first variance, the plaintiff filed a site plan application with the Hamden Planning and Zoning Commission for an accessory apartment to be included in the third floor addition. The site plan provided for the construction of three decks of 8 feet by 12 feet at the rear of the addition for each of the three floors. The third floor deck, according to the plaintiff, was intended to serve as a second means of egress for the accessory apartment as required by the state building code. Further, the plaintiff states that the Hamden Town Planner informed him that an additional sideyard variance was needed because the first variance did not include the decks.
The Hamden Planning and Zoning Commission approved the site plan on July 5, 1989, subject to the plaintiff's receiving the necessary variance for the deck. On August 23, 1989, the plaintiff applied for that variance. On September 21, 1989, the ZBA denied that application, which denial is the subject of this appeal.
The plaintiff argues that he was unaware that the first variance did not include the decks, and, therefore, he constructed the decks without the required variance. He had also begun construction on the addition before the first variance was applied for and granted.
At the hearing on the application for the second variance, no one spoke for or against it. The rear boundary abuts landlocked, unimproved land owned by the Town of Hamden. The sideyard affected by the variance abuts a commercial-industrial zone. CT Page 1261
The minutes of the hearing show that the vote was two to two and thus the plaintiff failed to obtain the four concurring votes required for approval by the Connecticut General Statutes, 8-6. The application was denied and the applicant was duly notified and such decision was published in the New Haven Register on September 26, 1989.
A variance is authorization from the ZBA to use property in a manner otherwise forbidden by the zoning regulations. Grillo v. Zoning Board of Appeals, 206 Conn. 362 (1988); Carlson v. Zoning Board of Appeals, 158 Conn. 86, 90 (1969-70). For a variance to be granted under 8-6 (3) C.S.S.A., two conditions must be met: (1) the variance must be shown not to substantially affect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship. Grillo v. Zoning Board of Appeals, supra, 368; Adolphson v. Zoning Board of Appeals, 205 Conn. 705; Smith v. Zoning Board of Appeals,174 Conn. 323-326 (1977-78).
The burden of proof is upon the applicant to prove the existence of such a hardship. Carini v. Zoning Board of Appeals,165 Conn. 747, 754 (1972), cert. denied, 414 U.S. 831 (1973); Benson v. Zoning Board of Appeals, 129 Conn. 280, 282 (1942). Where the ZBA denies a variance, the issue is whether any of the reasons given are valid and supported by the record. Green v. Zoning Board of Appeals, 4 Conn. App. 500, 502 (1985). The court should not substitute its judgment for that of the board as long as an honest judgment has reasonably and fairly been made after a full hearing. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 73 (1988).
In reviewing the record, the court finds no stated reasons for the denial in either the meetings' minutes (Plaintiff's Brief, Exhibit III) or the transcript of the public hearing held on September 21, 1989 (Return of Record, Excerpt of Meeting, Appeal #4867-89).
The minutes as contained in the plaintiff's brief merely state that one member of the ZBA chastized the plaintiff for "seeking approval after the deck was built" and that he was "apprehensive about approving things after the fact." He and another member, who is not quoted, voted against the approval, making the vote 2 to 2.
The return of Record, excerpt of Meeting, Appeal #4867-89, does not support the statements as contained in the minutes. The criticism of the plaintiff comes from a third member who is quoted as saying,
"Your client has done this in the past. He has CT Page 1262 constructed an addition before getting approval, and he was warned the last time not to do it, and here you are a few months later coming back with the same kind of a situation where an improvement has already been made and you are coming before the Board asking for a variance." (Return of Record, supra, p. 6).
Basically, the minutes and the Return of Record give no reasons for the denial. On the other hand, there is no evidence regarding prong two of the hardship requirement. While the brief addresses the issue, the record is silent on the "unusual hardship" issue.
The only notion of a hardship alluded to in the Return of Record is that the decks are up and, the Court surmises, to take them down would create an unnecessary expenditure for the plaintiff and, presumably, this would create a financial hardship.
The plaintiff, in both his brief and oral argument, invokes our Supreme Court's holding in Zieky v. Town Planning and Zoning Commission, 151 Conn. 263, 264 (sic) 265, 267 (1963), that while "courts cannot substitute their judgment for the liberal discretion enjoyed by local authorities. (Cit. omit). That discretion is not, however unlimited but must be exercised on reasonable grounds."
In Zieky the issue facing the court was that zoning the commission denied the plaintiff's application for a special exception without stating any reasons. However, according to the headnotes, the record showed that the plaintiff had proposed a plan which was consonant with the zoning regulations and with the overall plan for the town and to which no one voiced opposition. Zieky v. Town and Planning Commission, supra, 265.
Zieky can be distinguished from the instant case on two grounds. First, an application for a variance is distinct from an application for a special exception. On its face the variance is at odds with the town's zoning regulations and thus the requirement of hardship and compliance with the two-pronged test. In Zieky, the application was consonant with the zoning regulations. Secondly, the role of the ZBA differs from a zoning commission. In approving an application for a variance, the ZBA's role is very limited based on the applicant meeting his burden of proof on the two-prong test. When acting upon a special permit, a zoning commission acts in an administrative capacity. Sheriden v. Planning Board, 159 Conn. 1, 16: Maher v. Town Planning and Zoning Commission, 154 Conn. 420, 422; A. P. W. Holding Corporation v. Planning and Zoning Board, 167 Conn. 182, 186, and must approve the special permit application if it conforms with the standards in CT Page 1263 the statutes of the agency's existing regulations. A. P. W. Holding Corporation v. Planning and Zoning Board, supra, 185; Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53,56.
Therefore, the ZBA's denial of the instant application for a variance, even absent stated reasons, is within the scope of its authority given the fact that the burden is on the applicant to prove the hardship prong. Absent evidence in the record that the standards of unusual hardship such as the fact that applying the regulations would practically destroy or greatly decrease its value, Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,151-154 (1975-76); Stankiewicz v. Zoning Board of Appeals,15 Conn. App. 729, 733, 734 (1988), or that the property has unique topographical conditions, Fiorilla v. Zoning Board of Appeals,144 Conn. 275, 280 (1956-58), the court must find that the ZBA did not act illegally, arbitrarily, and in abuse of its discretion as alleged in paragraph four, section (d), of the plaintiff's complaint. Since the court finds that the plaintiff did not meet his burden of proof regarding the hardship prong, it does not have to consider paragraph four, section (e) of the complaint that is the second prong.
As the plaintiff states in his brief,
 "Of course, a condition precedent to granting a variance is proof of hardship suffered by the applicant as a result of the strict application of the zoning regulations to his particular piece of property. Such hardship must not be created by the property owner seeking the variance, but the result of a peculiar characteristic of the property." (Plaintiff's Brief, P. 9).
As the plaintiff points out, whatever the alleged hardship, it "must not be created by the property owner."
In the instant case the alleged hardship are the three decks constructed by the plaintiff property owner. The plaintiff argues that these decks "no way detrimentally affects the comprehensive zoning plan of the town of Hamden." (Plaintiff's Brief, p. 10). He further argues that the project probably improves the neighborhood property values.
While the project might enhance the neighborhood, its contribution to neighborhood well-being does not overcome the lack of proof of unique hardship and, as pointed out by the plaintiff above, he created whatever hardship he feels because his project does not conform to the zoning regulations regarding setback CT Page 1264 requirements. His self-created hardship in no way affects the use of his property in the overall planning scheme.
The court finds that whatever claimed hardship exists was self-created when the plaintiff built his decks prior to approval, and, thus, the ZBA was without power to grant a variance under any circumstances. Pollard v. Zoning Board of Appeals, 186 Conn. 32,44 (1982).
As the Supreme Court states in Pollard v. Zoning Board of Appeals, supra, 38,
 "In Smith v. Zoning Board of Appeals, supra, we stated that `[i]t is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner.' Id., 327. `Where the hardship involved "arises as the result of a voluntary act by one other than the one whom the variance will benefit, the board may, in the sound exercise of its liberal discretion, grant the variance." Belknap v. Zoning Board of Appeals, 155 Conn. 380, 384, 332 A.2d 922
(1967). Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. Abel v. Zoning Board of Appeals, 172 Conn. 286, 289, 374 A.2d 227 (1977); Booe v. Zoning Board of Appeals, 151 Conn. 681, 683, 202 A.2d 245 (1964); Spalding v. Board of Zoning Appeals, 144 Conn. 719, 722, 137 A.2d 75 (1957); Devaney v. Board of Zoning Appeals, 132 Conn. 537, 544, 45 A.2d 838 (1946). The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance; Booe v. Zoning Board of Appeals, supra cf. Devaney v. Board of Zoning Appeals, supra; Highland Park, Inc. v. Zoning Board of Appeals, 155 Conn. 40, 43, 229 A.2d 356 (1967); and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Misuk v. Zoning Board of Appeals, 138 Conn. 477, 481, 86 A.2d 180 (1952); McMahon v. Board of Zoning Appeals, 140 Conn. 433, 442, 101 A.2d 284
(1953); see Berlani v. Zoning Board of Appeals, 160 Conn. 166, 170, 276 A.2d 780 (1970).' Whittaker v. Zoning Board of Appeals, supra, CT Page 1265 657-58. `"[S]elf-inflicted or self-created hardship. . .is never considered proper grounds for a variance." 2 Yokley, Zoning Law 
Practices (3d Ed.) 15-8, p. 159.' Abel v. Zoning Board of Appeals, supra, 289; see Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972). We have recently addressed the `self-created hardship' exception for variances. In Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 300, 429 A.2d 883 (1980), we stated that `[w]here the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance.' (Emphasis added). See also Kulak v. Zoning board of Appeals, 184 Conn. 479, 482, 440 A.2d 183 (1981).
EDWARD J. LEAVITT, Judge