[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both of these cases are appeals from a decision of the Trumbull Zoning Board of Appeals (hereafter called the Board), granting a use variance to allow a residence in a residential zone to be used as a funeral home. The property for which the variance was granted is located at 419 White Plains Road in Trumbull, which is owned by James S. Abriola, doing business as Parkview Funeral Home, who is a defendant in both appeals.
The plaintiffs in the first appeal are Joanne R. Stanley, who owns property at 411 White Plains Road which abuts the subject property, and Joseph Foster Lyons and Bridget M. Lyons, who own a CT Page 7083 building lot about 500 feet from the subject property. The plaintiffs in the other appeal are Sean P. Hart and Holly Mullins-Hart, who own a lot at 357 White Plains Road and Cyril F. Mullins who owns property at 399 White Plains Road on which there is an operating funeral home. The Hart property is about 150 yards from the subject property, and the Mullins property abuts it.
In order for the court to have subject matter jurisdiction over a zoning appeal under § 8-8 of the General Statutes, at least one plaintiff must prove aggrievement. Nowicki v. Planning Zoning Board, 148 Conn. 492, 495. In addition to proving classical aggrievement, a person who is an abutting land owner to the subject property or who owns land within 100 feet of the subject property has standing to maintain the appeal under the concept of "statutory aggrievement." Section § 8-8(a)(1) C.G.S.; Pierce v. Zoning Board ofAppeals, 7 Conn. App. 632, 636. In the first appeal Joanne R. Stanley owns abutting property and has an easement across the subject property to White Plains Road. In the second appeal, Cyril F. Mullins owns abutting land. Since at least one plaintiff in each appeal is statutorily aggrieved, it is unnecessary to decide whether the other plaintiffs would also have standing to maintain the appeal by proving classical aggrievement. Protect Hamden/NorthHaven from Excessive Traffic and Pollution, Inc. v. PlanningZoning Commission, 220 Conn. 527, 529 n. 3.
The subject property at 419 White Plains Road contains 4.9 acres and a 19 room single family dwelling built around the turn of the century. The building is elaborate and has unique architectural and construction details. Adjacent to the building is a formal sunken garden with stone carvings and unusual landscaping. While some observers would consider the property an attractive "period piece", others might call it a "white elephant." The property was purchased for $515,000, without any conditions or contingencies in July, 1993, and transferred to the defendant James S. Abriola by quitclaim deed recorded October 14, 1993. The defendant Abriola filed a use variance application with the Board, also dated October 14, 1993, in order to use the property for a funeral home, and to make an addition on the building for a preparation room and viewing room for the proposed funeral business. The stated hardship in the application is "preservation of historical home with classical architecture and gardens, size of house, gardens and parcel cannot be retained without incurring exceptional difficulty or undue hardship which would result in destruction of present structures and landscape plan." A public hearing was held on the application on November 3, 1993. There was CT Page 7084 both opposition to and support for the variance at the hearing. The property is in the Residence A Zone, which has a minimum lot size of one half acre. There are several permitted uses in the zone, but the only significant use is as a single family residence. See Article II § 1 A, Trumbull Zoning Regulations. There was evidence at the hearing that the residence on the subject property could be demolished and that the property could then be developed into a seven lot subdivision. While the property contains 4.9 acres, it is unclear from the record to what extent additional subdivision lots could be obtained without demolishing the building and adjacent improvements.
At its meeting of December 1, 1993, the Board granted the variance by a four to one vote, allowing use of the property for a funeral home in addition to residential use, and construction of the proposed addition. While a zoning board of appeals is required by § 8-7 of the General Statutes to state upon its records the reason for granting a variance and describing specifically the exceptional difficulty or unusual hardship on which its decision is based, the Board failed to do so here. However, the failure of the Board to expressly find hardship does not prevent the sustaining of a variance granted by the Board if the record supports it. Stavolav. Bulkeley, 134 Conn. 186, 189. Where the Board fails to state its reasons for granting or denying a variance, the court searches the record to attempt to find some basis for the action taken.Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369; Carini v.Zoning Board of Appeals, 164 Conn. 169, 171; Ward v. Zoning Boardof Appeals, 153 Conn. 141, 144; Aitken v. Zoning Board of Appeals,18 Conn. App. 195, 205. The law is still unsettled on whether the trial court should search the record for additional reasons where the reasons given by the Board are inadequate. See ProtectHamden/North Haven Form Excessive Traffic and Pollution, Inc. v.Planning Zoning Commission, supra, 545, 546 n. 15.
In this case three of the board members who voted to grant the variance stated personal reasons for doing so. However, the Board did not formally state its collective reasons for granting the variance, and the reasons of individual board members are not controlling. Schwartz v. Town Planing Zoning Commission,168 Conn. 285, 290; Welch v. Zoning Board of Appeals, 158 Conn. 208,214; Woodford v. Zoning Commission, 147 Conn. 30, 31. Combining the statements of the individual board members is also not the formal, collective statement of reasons required, ProtectHamden/North Haven Form Excessive Traffic and Pollution, Inc. v.Planning Zoning Commission, supra, 546 n. 151, although it may CT Page 7085 explain the basis for the Board's decision. One Board member thought that the proposal was the best use for the property and that it was consistent with the residential nature of the area. Another member agreed that a funeral home was consistent with the area, that there was a hardship for the Town of Trumbull and that there was a limited number of potential buyers for the large house for use as a single family residence. A third Board member agreed with these comments and indicated that the proposal was a big improvement. The dissenting member agreed that a funeral home was better use than others for the property, but found no hardship because the property could be subdivided into building lots and the historic preservation of the house and gardens was not a hardship.
In order for a zoning board of appeals to grant a variance under § 8-6(3) of the General Statutes, two conditions must be met: (1) the variance must be shown not to substantially affect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillov. Zoning Board of Appeals, supra, 368; Whittaker v. Zoning Boardof Appeals, 179 Conn. 650, 655; Smith v. Zoning Board of Appeals,174 Conn. 323, 326. The burden of proof on these issues is on the applicant where the board states no reasons for its decision.Carini v. Zoning Board of Appeals, supra, 171, 172. Even though the surrounding area was residential in nature and in a residential zone, the adjacent Mullins property is used for a funeral home, the property is near the Merritt Parkway and on a state highway. The Board could reasonably conclude that a variance would not adversely effect the comprehensive plan. Hardship, however, is another matter.
A purchaser of property who acquires it with knowledge of the zoning regulations and attempts to devote it to a use which is not allowed by the regulations (and which is not a nonconforming use), is barred from obtaining a variance under the purchase with knowledge rule. Abel v. Zoning Board of Appeals, 172 Conn. 286,289; Baccante v. Zoning Board of Appeals, 153 Conn. 44, 48;Celentano v. Zoning Board of Appeals, 136 Conn. 584, 587; Spencerv. Zoning Board of Appeals, 15 Conn. App. 387, 391. The defendant Abriola knew that a funeral home was not a permitted use in the zone when he purchased the property. The hardship which justifies a zoning board of appeals in granting a variance must be one that originates in the zoning ordinance, and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Whittaker v. Zoning Board ofCT Page 7086Appeals, supra, 658; Smith v. Zoning Board of Appeals, supra, 327,Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39, 40. The hardship must be unique or unusual, meaning that it is different in kind from that generally affecting property in the same zoning district Garibaldi v. Zoning Board of Appeals, 163 Conn. 235,238; Carini v. Zoning Board of Appeals, supra, 172. The applicant for a variance must show that because of some peculiar or unique characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. Berlani v. Zoning Board of Appeals, 160 Conn. 166, 170;Garibaldi v. Zoning Board of Appeals, supra, 238, 239; Belknap v.Zoning Board of Appeals, 155 Conn. 380, 383. The fact that a zoning board of appeals may have granted somewhat similar variances on prior occasions to other applicants is not controlling. Ward v.Zoning Board of Appeals, supra, 146; Aitken v. Zoning Board ofAppeals, supra, 205. This would include a variance on the same street in a virtually identical situation. Haines v. Zoning Boardof Appeals, 26 Conn. App. 187, 191. The hardship must be on the individual property owner, and the Board cannot grant a variance for a hardship suffered by the Town as a whole, Finch v. Montanari,143 Conn. 542, 546, or by a general hardship to the neighborhood.Ward v. Zoning Board of Appeals, supra, 146; Kelly v. Zoning Boardof Appeals, 21 Conn. App. 594, 598. In Finch v. Montanari, supra, a zoning board of appeals granted a variance to allow a veterinary hospital within a business zone because it was a suitable location for that use and in the public interest. The variance was overturned on appeal because there was no hardship applying to the specific property, and a hardship to the town as a whole did not qualify; the function of finding the best use for a specific property was the function of the zoning commission, not the zoning board of appeals. Id., 146.
Absent a situation amounting to confiscation, financial loss or the potential of financial advantage to the property owner is not the proper basis for a variance, and does not constitute hardship. Garabaldi v. Zoning Board of Appeals, supra, 239;Carlson v. Zoning Board of Appeals, 158 Conn. 86, 89; Spencer v.Zoning Board of Appeals, supra, 391, 392. Financial considerations are relevant only in those exceptional situations where application of the zoning regulations to the property either destroys or drastically reduces its value for any of the uses for which it could reasonably be put and where the regulations as apply bear so little relationship to the purposes of zoning that application of the regulations to the property have a confiscatory or arbitrary CT Page 7087 effect. Grillo v. Zoning Board of Appeals, supra, 369; Carlson v.Zoning Board of Appeals, supra, 89, 90; Berlani v. Zoning Board ofAppeals, supra, 171. That is not the case here. In addition to the fact that the property was purchased by the current owner in July 1993 with knowledge of limitations on use of the property, it is apparent from the record that the property can be subdivided because of its size into several residential building lots, and it is not clear from the record that the existing house is unmarketable as a single family residence, even though there may be a limited number of potential buyers. In fact, the property was purchased for $515,000.00.
None of the reasons for granting the variance assigned by the three board members who stated reasons amount to the type of hardship that is required under our case law, even if the court could consider these individual reasons. Since this a case where the Board failed to assign collective reasons for its decision, the proper procedure is for the court to search the record to find a valid basis for the Board's decision. See Protect Hamden/NorthHaven Form Excessive Traffic and Pollution, Inc. v. Planning Zoning Commission, supra, 545, 546 n. The record would have to disclose, however, evidence of hardship conforming to the legal standards required for variances under Connecticut case law. This is not a situation where a variance was granted without any discussion on the record as to what the board members perceived as hardship. The purpose of searching the record in such cases to find a reason for the board's action is that the technicality of their failure to articulate one or more valid reasons should not defeat upholding a variance which was otherwise legally granted, and where the board members in fact had a reason for their decision. However, in this case any reason discerned by the court from the record would not be an unarticulated finding or the actual basis for the Board's decision. While the court in an administrative appeal is ordinarily required to defer to the factual findings of the agency, that concept would not apply to a finding which the agency never made or even considered. The question then, is whether objectively the record discloses another reason based on the evidence that a proper legal hardship exists. The plaintiff must prove the hardship is different in kind from that generally affecting properties in the same zoning district.Carini v. Zoning Board of Appeals, supra, 172. Since a review of the record does not show that the property can not be used for any reasonable purpose under the zoning regulations, and since the property has significant value, the plaintiff has not proven hardship. Grillo v. Zoning Board of Appeals, supra, 370. In CT Page 7088 addition, as previously noted, the variance is precluded in this case because of the purchase with knowledge rule.
The cases of Libby v. Board of Zoning Appeals, 143 Conn. 46
and Culinary Institute of America, Inc. v. Board of Zoning Appeals,143 Conn. 257, relied upon by the defendants, are factually distinguishable and do not require a finding of hardship here. InLibby, there was no market for the property as a single family residence, and in Culinary Institute, there was no evidence of market value. In both cases limiting use of the property to a single family residence amounted, under the facts of each case, to practical confiscation, which was sufficient hardship for a variance. In both cases the agency reached a factual conclusion that amounted to a finding of confiscation if the property owner was limited to continuing use of the property only for a single family residence. No such finding was made here. In the Libby
case a large house was on a parcel of about two tenths of an acre, and no other development of the property was possible, while in this case the size of the property and potential for a seven lot subdivision gives the property significant economic value. UnlikeLibby, the record here does not show confiscation. Since the record does not show hardship, the Board could not properly grant a variance. Nash v. Zoning Board of Appeals, 165 Conn. 576, 577.
Both appeals are sustained.
ROBERT A. FULLER, JUDGE