[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Louise Eaton, John Eaton, Sauda Baraka, Denise Holley, Ralph McAden and Margaret McAden, appeal pursuant to General Statutes § 8-8 from the decision of the defendant Planning Zoning Commission of the City of Bridgeport (Commission) granting approval of an Application for Coastal Site Plan Review (application) filed by the defendant, O G Industries, Inc. (O G).
On November 2, 1994, O G filed an application pursuant to Chapter 18, Section 7 of the Bridgeport Zoning Regulations, requesting review of its proposed use of property located at 1121-1125 Seaview Avenue for the recycling of construction debris. (Record, item (b).) The property is designated in the Master Plan of the City of Bridgeport as a coastal development area, as it borders on the Yellow Mill River. (Record, item (g).) The property is located in a light industrial zone. (Record, item (b).)
O G's proposed use involves the crushing and stockpiling of concrete slabs, bituminous concrete, cement block, brick and masonry. (Record, item (a), pp. 2-3.) It is anticipated that O G will have to separate metal from these materials, store the CT Page 4095-E metal on the property, and then transport the metal to a recycling facility. (Id.) O G's proposed use of the property would include the use of two portable crushers for processing the construction debris and recycling aggregate product. (Id.)
On January 9, 1995, a hearing was held regarding O G's application. (Record, item (r).) The Commission approved O G's application, subject to the following conditions: (1) "[t]he applicant shall address and conform to the concerns of the City Engineer as stated in his letter of 1/3/95;" (2) "[a]n oil separator shall be installed in a location as determined by the City Engineer;" and (3) "[t]he proposed berms to be installed shall be composed of processed stone as indicated on the plan of development." (Id.) The application was approved on the evening of January 9, 1995. (Id.)
In count one of the complaint the plaintiffs allege that the Commission's decision was arbitrary and capricious because, inter alia: (a) the decision was made without substantial evidence with respect to the environmental impact of the proposed use; (b) the commission failed to provide for public access or visual easements; (c) O G failed to address all of the requirements of Chapter 19, § 7 of the zoning regulations in its application; (d) the application contained an inadequate assessment of the suitability of the property for the proposed use as required by General Statutes § 22a-106; (e) the Commission concluded without evidence that the proposed use would not have a negative impact on the coastal resources and the Yellow Mill Pond; (f) there was no substantial evidence to support the decision because O G failed to submit testimony or documentary evidence from an environmental professional who was qualified to evaluate coastal area management issues; (g) the Commission failed to consider reports from the Department of Environmental Protection and other agencies; (h) the Commission failed to consider that it was condoning the use of property located in a light industrial zone for a use which is only allowed in a heavy industrial zone; (i) O G failed to present evidence with respect to the effect of additional traffic and noise on the surrounding area; and (j) the Commission failed to consider the impact or locating a non-water dependent use on a site that is suitable for water dependent uses, as required by General Statutes § 22a-93(17).
In count two, the plaintiffs allege that the Commission failed to consider the unreasonable pollution and the impairment or destruction of the public trust in the air, water or other CT Page 4095-F natural resources of the state that will result from the proposed use. The plaintiffs further allege that they have the legal right pursuant General Statutes § 8-8 and § 22a-16 to raise issues relating to the violation of the public trust.
A. Timeliness
A party taking an appeal must do so by commencing service of process within fifteen days from the date that notice of the decision was published. General Statutes § 8-8(b).
Notice was published in the Connecticut Post on January 15, 1995. The plaintiffs timely commenced this appeal on January 27, 1995, by serving process upon the Bridgeport City Clerk, the Chairman of the Planning Zoning Commission, and the statutory agent for service for O G Industries, Inc.
B. Aggrievement
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). "The question of aggrievement is essentially one of standing."DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,588 A.2d 244 (1991). Unless the plaintiff alleges and proves aggrievement, his or her appeal must be dismissed. Id.; Fuller v.Planning Zoning Commission, 21 Conn. App. 340, 343,573 A.2d 1222 (1990).
Those who own land which abuts or is within a radius of one hundred feet of the land involved in any decision of a commission are statutorily aggrieved pursuant to General Statutes § 8-8(a).Smith v. Planning Zoning Board, 203 Conn. 317, 321, 592 A.2d 953
(1991). Landowners who are not statutorily aggrieved may nevertheless be "classically" aggrieved. Classical aggrievement may be proved pursuant to a two-part test. "`First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.'" Walls v. Planning Zoning Commission, 176 Conn. 475, 477-78, 408 A.2d 252 (1979);Pomazi v. Conservation Commission, 220 Conn. 476, 482-83, 600 A.2d CT Page 4095-G 320 (1991). Aggrievement is established if there is a possibility as opposed to a certainty that a legally protected interest has been affected adversely. Connecticut Resources Recovery Authorityv. Planning Zoning Commission, 225 Conn. 731, 739 n. 12,626 A.2d 705 (1993).
On September 12, 1995, O G filed a motion to dismiss on the ground of lack of subject matter jurisdiction, based upon allegations that the plaintiffs are neither statutorily or classically aggrieved. In response, plaintiffs Louise Eaton, John Eaton, Ralph McAden and Margaret McAden allege that they are both statutorily and classically aggrieved. By agreement of counsel, the appeal of Sauda Baraka and Denise Holley was dismissed at the hearing on February 9, 1996. Further, at that hearing this courtdetermined that none of the remaining plaintiffs were statutorilyaggrieved because their properties neither abut the subjectproperty nor are they located within one hundred feet of same.
In support of their claim of classical aggrievement, the plaintiffs allege that they are aggrieved by, inter alia: (1) the potential increase in heavy truck traffic through the area; (2) the noise, dirt and pollution that will potentially be generated by the proposed use; and (3) the impairment of their views and vistas that will occur due to the proposed use. The existence of classical aggrievement is a question of fact for the trial court.Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 660,211 A.2d 689 (1965). In Krejpcio, the plaintiff's residential property abutted a parcel of land for which a variance was granted for the purpose of allowing the defendant to construct a gas station. Id., 660. The supreme court held that the trial court properly found that the plaintiff was aggrieved, as the facts found by the trial court supported the conclusion that the plaintiff, as an abutting landowner, would be directly affected by the noise, traffic, and fumes that would be generated by the proposed use. Id., 661. Likewise, in Berlani v. Zoning Board of Appeals, 160 Conn. 166,276 A.2d 780 (1970), aggrievement was properly established based on evidence that the plaintiff, whose property was within close proximity to the defendant's parcel, was specifically and injuriously affected by the noise, odor, smoke and soot which emanated from the defendant's property (where defendant had previously obtained a variance which allowed it to install and use a machine for baling junked automobiles on its property). Id., 168-69.
In the present case, the plaintiffs failed to present expert CT Page 4095-H testimony or specific evidence as to how the proposed use will devalue their properties. It is conclusively established that the plaintiffs' properties are located in close proximity to a light industrial zone. (Record, item (b).) There is also evidence that heavy industrial uses have been carried out in this light industrial zone as pre-existing nonconforming uses; specifically, an asphalt plant had been operated on the subject property. (Record, items (a), pp. 2-3, (b) II.e, and (p).) It logically follows that any industrial use that was carried out on this property has caused truck traffic, noise, dirt, and pollution to affect the surrounding residential properties. It is also logical to conclude that these problems presently exist and will exist in the future without regard to whether O G operates its recycling plant or whether some other industrial use is established on the subject property.
Based on the foregoing discussion, the plaintiffs have failed to demonstrate that they have an interest in the subject matter of the Commission's decision which is different from that of other property owners in the area. Accordingly, the plaintiffs' unsubstantiated fears and generalizations do not establish that they are classically aggrieved by the Commission's decision to grant O G's application. Therefore, count one of the plaintiffs' appeal is dismissed on the ground of lack of subject matter jurisdiction.
The plaintiffs assert their claims in count two as environmental intervenors pursuant to General Statutes § 22a-19. The plaintiffs allege that they have the legal right pursuant General Statutes § 8-8 and § 22a-16 to raise issues relating to the violation of the public trust.
General Statutes § 22a-19 provides in pertinent part: "(a) In any administrative . . . proceeding, and in any judicial review thereof made available by law, . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."
The plaintiffs have timely filed such a pleading in which they allege that the defendants' conduct is likely to have the effect of unreasonably polluting, impairing or destroying the CT Page 4095-I public trust in the air, water and other natural resources of the state. The plain and unambiguous language of § 22a-19 permits the plaintiffs to intervene in an administrative proceeding conducted by the municipal planning and zoning commission. See Red HillCoalition, Inc. v. Town Plan Zoning Commission, 212 Conn. 727,733, 563 A.2d 1347 (1989). Therefore, this court has subject matter jurisdiction over the claims asserted pursuant to § 22a-19
in the second count of the complaint. Accordingly, O G's motion to dismiss is denied as to the second count of the complaint.
"In reviewing an appeal from an administrative agency, the trial court must determine whether `the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion.' . . ." Smith v. Zoning Board of Appeals, 227 Conn. 71,80, 629 A.2d 1089 (1993), cert. denied, 114 S.Ct. 1190
(1993). "The burden of proof is on the plaintiff to demonstrate that the commission acted improperly." Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991).
"The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. . . . `[E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . .'"Mobil Oil Corp. v. Zoning Board of Appeals, 35 Conn. App. 204,209, 644 A.2d 401 (1994).
"[W]here a zoning commission has formally stated the reasons for its decision, the court should not go behind that official collective statement of the commission. It should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision. . . The reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . [W]here there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." West HartfordInterfaith Coalition, Inc. v. Town Council, 228 Conn. 498, 514-15,636 A.2d 1342 (1994). "The question is not whether the trial court would have reached the same conclusion, but whether the record supports the decision reached." Burnham v. Planning Zoning Commission, 189 Conn. 261, 265, 455 A.2d 339 (1983). CT Page 4095-J
Because count one of the complaint is dismissed based on the plaintiffs' failure to establish aggrievement, the court need not address the plaintiffs' claim that the Commission acted illegally and arbitrarily in approving O G's application. The only viable issues are those which are alleged in count two of the complaint, and which are asserted by the plaintiffs in their respective capacities as environmental intervenors acting to protect the public trust in the air, water and other natural resources of the state. See Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483,499, 400 A.2d 726 (1978).
The plaintiffs argue that the proposed use of the property for the recycling of concrete products will result in the unreasonable pollution, impairment and destruction of the public trust in air, water, or other natural resources of the state. In response, O G contends that the proposed use will not have such an adverse impact.
General Statutes § 22a-19(b) provides in pertinent part: "In any administrative . . . proceeding, the agency shall consider the alleged unreasonable pollution, impairment or destruction of the public trust in the air, water or other natural resources of the state and no conduct shall be authorized or approved which does, or is reasonably likely to, have such an effect so long as, considering all relevant surrounding circumstances and factors, there is a feasible and prudent alternative consistent with the reasonable requirements of the public health, safety and welfare." "By its plain terms, General Statutes § 22a-19(b) requires the consideration of alternative plans only where the commission first determines that it is reasonably likely that the project would cause unreasonable pollution, impairment or destruction of the public trust in the natural resources at issue." Paige v. TownPlan Zoning Commission, 235 Conn. 448, 462-63, 668 A.2d 340
(1995).
The plaintiffs contend that there is overwhelming evidence and testimony in the record as to the unreasonable pollution that will be caused by the proposed use. The plaintiffs also contend that the record contains evidence of the availability of feasible and prudent alternatives to the proposed activities.
In addition to their own concerns over dust, noise and odor that may be generated by the use, the plaintiffs rely on: (1) a report submitted by William Minor, the Director of Land Use CT Page 4095-K Construction Review for the City of Bridgeport (record, item (o)); (2) a letter submitted by Margaret Welch, a senior environmental analyst with the Department of Environmental Protection Long Island Sound Program (record, item (f)); (3) a letter submitted by Peter Holecz, Chairman of the Harbor Commission; and (4) a letter submitted by Barry Skinner, the City Engineer (record, item (m)).
The reports of Minor and Welch are both primarily concerned with whether the proposed use is water dependent. Minor concluded that the site is located on the waterfront and the proposed use does not meet the definition of a water dependent use. Welch concluded that unless the facility is specifically intended to include the transporting of materials by water, the proposed facility could be located on a non-waterfront site. (Record, item (f).) These concerns, while possibly pertinent to the Commission's decision to approve O G's application to locate the facility on the waterfront, simply do not raise any environmental issues concerning unreasonable pollution or the destruction of the public trust in the air, water or other natural resources. Moreover, a representative for O G testified that O G might use barges and water transportation in conjunction with its recycling facility. (Record, items (a) and (b).)
Nevertheless, Welch and the City Engineer also expressed concerns about the potential adverse impact to water quality due to storm water discharges and oil and grease discharges from the site. Welch questioned the effectiveness of the proposed berms in preventing sediments from leaving the site and contaminating the Yellow Mill Channel. (Record, items (g) and (n).) While they expressed valid concerns, neither Welch, Minor nor the City Engineer expressly recommended that the Commission reject O G's application based on the possibility that the proposed use would cause unreasonable levels of pollution or would cause destruction of the air, water or other natural resources. (Id.)
In response, O G argues that there is evidence that the property has historically been developed with heavy industrial uses. (Record, items (b) II.C; (a), pp. 2-3; and (p).) Further, O G argues that there is evidence that the proposed use will not change the land-water interface in a manner that would cause sediments to leave the site and contaminate the Yellow Mill Channel. (Record, item (b), c.(3) A.) O G relies on the following exhibits of evidence and testimony to support its arguments: (1) the testimony and documents which affirm that there will be no undue introduction of any suspended solids, toxins or CT Page 4095-L heavy metals into the air or water (record, item (b) D.(1) a.); and (2) the evidence that the area is developed and natural features have been eliminated by past occupants of the property (record, item (b) F.). O G contends that there is no need to alter existing grades or alter the existing surface or ground water flow (record, item (b) D.(1) d), and that there are no designated fin fish or shellfish habitats in the area (record, item (b) G.). O G argues that Welch's concerns with respect to sediments were addressed by the conditions attached to the Commission's approval of O G's application. O G further argues that the Bridgeport Harbor Management reviewed the application and adopted a resolution supporting O G's proposed use of the property. (Record, item (j).)
The record reflects that the Commission considered the potential impact of the proposed use on the surrounding environment. While there is evidence of potential pollution problems, there is also substantial evidence from which the Commission could conclude, as it did, that the applicant s plans will not cause unreasonable pollution or destroy the air, water or natural resources of the state. The court further notes that based on the record before the Commission, the plaintiffs have failed to produce substantial evidence that the proposed use will destroy the environment or result in an unreasonable level of pollution.
There is substantial evidence in the record supporting the decision reached by the Commission, and therefore, the Commission did not act unreasonably, arbitrarily or illegally in approving O G's application. Moreover, the plaintiffs allegations that the proposed use would cause unreasonable pollution or destroy the air, water, or other natural resources are not supported by substantial evidence. In the absence of such evidence, O G is not required to submit alternative plans for consideration by the Commission. Accordingly, the court dismisses the plaintiffs' appeal.
WEST, J. CT Page 4095-M