LILLIAN D. SPALDING ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued November 5—decided December 26, 1957

*T. Holmes Bracken,* for the appellants (defendants Cantor et al.).

*William Dimenstein* and *George J. Grady,* with whom, on the brief, was *Morton J. Dimenstein,* for the appellees (plaintiffs).

DALY, J.  The defendants Sidney Cantor and Robert McMullen were granted a variance of the zoning regulations of the city of New Haven by the defendant board.  The plaintiffs, owners and residents of neighboring premises, appealed to the Court of Common Pleas.  The court rendered judgment sustaining the appeal, and from that judgment Cantor and McMullen, hereinafter referred to as the defendants, have appealed to this court.

On April 8, 1953, the defendants purchased a vacant corner parcel of land, known as 1250 Whalley Avenue, in New Haven.  The property was then, and is now, in a residence B zone.  Before the defendants bought the property, they knew that it was in such a zone and that the owner had not been able to procure a purchaser of it during the previous thirty-

five years. They purchased the premises, hoping that an application for a variance would be granted. On April 22, 1953, they filed with the board an application for a variance to permit the construction and use of a commercial building on the property. The application was denied. One of the grounds upon which the denial was based was that "there was no evidence of hardship to warrant a variance." On June 11, 1956, the defendants filed a second application, requesting the same variance. On July 2, 1956, the board "found that the only suitable use to which the property could be put was to business use, because of the practical difficulty and unnecessary hardship occasioned by the topography of the land" and granted the variance. The board's finding of practical difficulty and unnecessary hardship was obviously based upon the defendants' claim that the erection of a retaining wall, without which no building could be constructed upon their land, would make the cost of any building permitted in a residence B zone so great that the investment would not be profitable.

The portion of the New Haven zoning ordinance which authorizes the board to grant a variance is printed in the footnote.[1] A pecuniary loss does not

---

[1] "Sec. 1033. BOARD OF ZONING APPEALS. The Board of Zoning Appeals may in appropriate cases, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent as follows: . . . 7. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of this Ordinance, or where the effect of the application of the Ordinance is arbitrary, the Board of Zoning Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done."

furnish the difficulty or hardship contemplated by the zoning ordinance. *Lindy's Restaurant, Inc.* v. *Zoning Board of Appeals,* 143 Conn. 620, 623, 124 A.2d 918. That aside, the hardship, if such it may be called, did not originate in the zoning regulations. The defendants brought it on themselves. They bought the property with full knowledge of the limitations upon the use of it, intending, in spite of those limitations, to use it for a purpose proscribed by the zoning regulations, by securing a variance. The board could not reasonably find that the defendants would suffer practical difficulties or unnecessary hardship or that the application of the ordinance would be arbitrary, in view of the fact that they purchased the property with full knowledge that it was located in a zone wherein the use of property for the purpose desired by them was not permitted. When the defendants bought the property, they voluntarily took a chance that they would be permitted to use it for a purpose not permitted by the zoning ordinance. When the board granted their application, it acted in clear abuse of the power vested in it. *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 544, 45 A.2d 828; *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101. The trial court correctly sustained the plaintiffs' appeal.

There is no error.

In this opinion the other judges concurred.