## PATRICK MAINOLFI ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF DERBY ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, JS.

Argued June 2—decided July 21, 1959

*Harold B. Yudkin* and *Barbara A. Coppeto,* with whom, on the brief, was *George J. Yudkin,* for the appellants (plaintiffs).

*Edward J. Donahue,* for the appellee (defendant Strand Brothers Manufacturing Company, Inc.).

*Andrew D. Sabetta,* for the appellee (defendant board).

KING, J. The plaintiffs appealed from the action of the zoning board of appeals of Derby in granting the application of the defendant Strand Brothers Manufacturing Company for a variance to permit the reconstruction of certain old factory buildings owned by it and located in the lowest grade residential zone in Derby. The appeal, which was in two counts, contained some repetitious and irrelevant matter which invited a motion to expunge. It should have followed Form No. 481 in the Practice Book, as amended, and its allegations should have been confined to those material to the issues involved, that is, whether and in what respects the board acted illegally in granting the variance, or so arbitrarily and unreasonably as to invalidate its action. *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 599, 108 A.2d 899; *Spalding* v. *Board of Zoning Appeals,* 144 Conn. 719, 722, 137 A.2d 755.

The defendants simultaneously filed a motion to expunge and a demurrer. Under the provisions of Practice Book §§ 80 and 81, the filing of the demurrer, in the absence of an order of the court to

the contrary, operated as a waiver of any right to a determination of the motion to expunge. *Dawson v. Orange,* 78 Conn. 96, 119, 61 A. 101. Both the motion to expunge and the demurrer were decided, apparently simultaneously. The determination of the motion to expunge after the filing of the demurrer was erroneous. The rule is not a mere burdensome technicality. The function of a demurrer is to test the sufficiency of a pleading. This cannot be done if, as a result of attacks on it by motion, the pleading is to undergo change after the demurrer has been drafted and filed. The granting of the motion to expunge, although erroneous, was not inoperative. It effectively removed the expunged allegations from both counts of the complaint and until revoked or reversed was the law of the case. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 565, 29 A. 76.

The sustaining of the demurrer to the second count removed that count from the complaint. *Viall v. Lionel Mfg. Co.,* 90 Conn. 694, 696, 98 A. 329. The sole apparent function of the second count was improperly to attack the validity of the board's action in denying the applications of three of the plaintiffs for a variance to cover the operation of a junk yard, of revolting appearance, situated close by the Strand factory in the same residence zone, or at least to assert that there was an inconsistency between that denial and the granting of the Strand application. A reading of the complaint as a whole shows that the appeal is only from the granting of the Strand application and not from the denial of the others. The proceedings concerning the junk yard were wholly unrelated and irrelevant to the question involved in the appeal taken. *Chouinard* v. *Zoning Commission,* 139 Conn. 728, 732, 97 A.2d 562; *Bar-*

*nini* v. *Liquor Control Commission,* 146 Conn. 416, 419, 151 A.2d 697. There was therefore no error in sustaining the demurrer to the second count.

Some of the allegations expunged from the first count should not have been included in the complaint, and their removal improved it. As to these allegations, the granting of the motion to expunge, even though erroneous, was not harmful. Clear, concise pleading, although highly desirable, is not, however, in all cases required, and allegations should not be expunged from a pleading unless it is clear that there was no reasonable ground for inserting them in it. *Burritt* v. *Lunny,* 90 Conn. 491, 495, 97 A. 756. Under this rule, only three paragraphs, 9, 10 and 11, largely dealing with other litigation between certain of the plaintiffs and the defendant, should have been expunged. The remaining paragraphs which were expunged should not have been, quite apart from the waiver involved in the filing of the demurrer.

There remains the question whether the erroneous deletion of any of the allegations under the motion to expunge was harmful. Included in the material expunged was a paragraph alleging that the variance granted the Strand company would not be in harmony with the comprehensive plan of zoning in Derby and another paragraph alleging that there was no exceptional difficulty or unnecessary hardship warranting a variance. In its memorandum of decision, the court stated what had been stricken and added: "Despite that, counsel for the plaintiffs insisted on arguing both orally and in his brief on points no longer before this court. Consequently, claims of the plaintiffs pertaining to those issues will not be discussed in this memorandum . . ." (with one exception not presently perti-

nent). While the court wrote a careful memorandum of decision, which on its face seems to have fully and correctly determined the material issues of this appeal, the quoted portion indicates that none of the expunged matters, with the one exception, was considered by the court. That at least the two paragraphs mentioned above contained matters relevant to the issues is apparent, and if in fact the court, as it said, did not consider them, its action was erroneous and harmful. Rev. 1958, § 8-6; *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 599, 108 A.2d 899; *Spalding* v. *Board of Zoning Appeals,* 144 Conn. 719, 722, 137 A.2d 755; *Stern* v. *Zoning Board of Appeals,* 140 Conn. 241, 244, 99 A.2d 130.

In the face of the statement in the memorandum of decision, it cannot be determined that the error in granting the motion to expunge did not affect the decision or that it was for any other reason harmless, and a new trial is required, limited to the matters under the first count. See *Stern & Co.* v. *International Harvester Co.,* 146 Conn. 42, 46, 47, 147 A.2d 490. Prior to the new trial, paragraphs 4 through 8, paragraphs 13 and 14, and paragraphs 16 through 25 should be reinstated in the first count.

There is error, the judgment is set aside and the case is remanded for further proceedings in conformity with this opinion.

In this opinion the other judges concurred except DALY, C. J., who died after the cause was argued and before the opinion was adopted by the court.