JOHN G. BOOE, JR., ET AL. *v.* ZONING BOARD OF
APPEALS OF THE CITY OF SHELTON ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and HOUSE, Js.

Argued June 2—decided June 16, 1964

*Bronislaw Winnick,* for the appellant (defend-
ant Conti).

*John H. Welch, Jr.,* corporation counsel, for the
appellant (defendant board).

*Norwick R. G. Goodspeed,* with whom was *David
O. Jackson,* for the appellees (plaintiffs).

ALCORN, J. The defendant zoning board of appeals granted an application by the defendant Nicholas Conti for a variance of the zoning requirements and the approval of a building permit for the construction of a residential hotel on property owned by him in a rural district in Shelton. The plaintiffs, who are admitted to be aggrieved persons, appealed to the Court of Common Pleas, which sustained the appeal, and the defendants have appealed to this court.

The Shelton zoning ordinance, which was adopted in 1952, made provision, inter alia, for rural districts. Shelton Zoning Ordinance § 5 (1952, as amended). One of the uses permitted in a rural district is "[a] hotel having sleeping accommodations for 15 or more guests, subject to the following restrictions: 5.1.5.1 The lot area shall be not less than five acres and not less than 7,000 square feet for each such sleeping accommodation." Id., § 5.1.5. Other enumerated restrictions are not now material. The ordinance empowers the board of appeals "[t]o determine and vary the application of provisions of this ordinance in harmony with its general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated a literal enforcement of this ordinance would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." Id., § 13.3.3.

Several years after the zoning ordinance became effective, Conti acquired more than seventy acres of land in a rural district. Thereafter, he sold a

substantial portion of the land but retained ownership of the parcel containing about four acres which is the subject of the present application. In order to use this four-acre parcel as the site for a proposed residential hotel, Conti filed the application in issue, seeking a variance from the five-acre area requirement of the zoning ordinance for such a use. He also sought a variance as to side- and front-yard requirements, which do not require discussion.

We have repeatedly held that the hardship which justifies a board of appeals in granting a variance must be one which originates in the zoning ordinance. When the claimed hardship arises because of the actions of the applicant, the board is without power to grant a variance. *Hadik* v. *Zoning Board of Appeals,* 146 Conn. 737, 738, 150 A.2d 606; *Wil-Nor Corporation* v. *Zoning Board of Appeals,* 146 Conn. 27, 31, 147 A.2d 197; *Spalding* v. *Board of Zoning Appeals,* 144 Conn. 719, 722, 137 A.2d 755; *Misuk* v. *Zoning Board of Appeals,* 138 Conn. 477, 481, 86 A.2d 180; *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101; see also *Corsino* v. *Grover,* 148 Conn. 299, 311, 170 A.2d 267.

The undisputed fact is that Conti purchased this large acreage when it was subject to a zoning restriction which required him, if he wished to use any portion of it for a hotel, to retain a lot with a minimum area of five acres. Instead of following that course, he has conveyed away the land contiguous to a lot which contains only about four acres, and thus, by his own actions, has disabled himself from complying with the five-acre requirement. Since he brought the hardship of which he now complains upon himself, the trial court correctly concluded that the board of appeals abused the power vested in it in granting the variance.

In view of this conclusion, we do not discuss a further issue as to whether this application is, in reality, a renewed effort to obtain a variance to permit the construction of apartments, an application for which had been recently denied by the board.

There is no error.

In this opinion the other judges concurred.