## M. AND R. ENTERPRISES, INC., ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF SOUTHINGTON ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 4—decided June 26, 1967

*Francis S. Kane,* for the appellants (named plaintiff et al.).

*I. Milton Widem,* for the appellee (defendant Food Mart of Connecticut, Inc.).

*Joseph H. Thalberg,* for the appellee (named defendant).

THIM, J.   The Southington zoning regulations prohibit the use of any building or premises for the sale of alcoholic beverages if that building or

premises is within 1500 feet of any other building or premises where such beverages are sold. Southington Zoning Regs. § 7-07.2 (1961).

The defendant Food Mart of Connecticut, Inc., hereinafter referred to as Food Mart, entered into a long-term lease of a large building which it had had specially constructed and designed for itself. This building, which is part of a large shopping center, is approximately 500 feet from the Southington Inn, which sells alcoholic beverages.

Food Mart commenced its retail grocery business on or about February 13, 1962. It immediately applied to the defendant zoning board of appeals for a variance of the 1500-foot requirement, claiming its inability to sell beer, ale or lager, as part of its overall grocery business, caused it undue hardship and would deprive it of the reasonable use of its property.

The Southington zoning regulations permit the board of appeals to grant variances if it finds that, because of the exceptional physical condition of the property under consideration, a strict application of the zoning regulations would cause the property owner unusual hardship and would deprive him of the reasonable use of his land or building. Southington Zoning Regs. § 9-04 (1961). After a hearing, the board voted to grant the variance. The only reason it gave for its action was that "beer, ale or lager . . . is a necessary item incidental to the grocery business." The plaintiffs, most of whom are resident taxpayers of Southington, appealed to the Court of Common Pleas, which dismissed the appeal. The present appeal followed.

Because Food Mart was granted a variance from a zoning regulation which concerns the sale of alcoholic beverages, the status of the plaintiffs as tax-

payers entitles them to prosecute this appeal. *Cowles* v. *Zoning Board of Appeals,* 153 Conn. 116, 117, 214 A.2d 361; *O'Connor* v. *Board of Zoning Appeals,* 140 Conn. 65, 70-72, 98 A.2d 515.

Only one claim of the plaintiffs need be discussed to dispose of this appeal. The plaintiffs assert that because Food Mart voluntarily commenced its grocery operation only 500 feet from an establishment which sells alcoholic beverages, it should not be allowed to plead its own self-created hardship as justification for a variance of the zoning regulations. We agree. It is well settled that "[s]elf-inflicted or self-created hardship . . . is never considered proper grounds for a variance." 2 Yokley, Zoning Law and Practice (3d Ed.) § 15-8, p. 159. Accordingly, this court has repeatedly held that, where the claimed hardship arises because of the applicant's own voluntary acts, the zoning board is without power to grant a variance. See for example *Booe* v. *Zoning Board of Appeals,* 151 Conn. 681, 683, 202 A.2d 245; *Spalding* v. *Board of Zoning Appeals,* 144 Conn. 719, 722, 137 A.2d 755. In the present case, Food Mart voluntarily commenced its retail grocery operation well within the restricted area created by the existence of the Southington Inn. Even if we assume that the inability of Food Mart to sell beer, ale or lager, as part of its retail grocery operation, drastically depreciates the value of its leasehold, thereby causing it undue hardship, the hardship was voluntarily assumed. Because of this fact, the defendant board was without power to grant the variance.

There is error, the judgment is set aside and the case remanded with direction to sustain the appeal.

In this opinion the other judges concurred.