EDMOND L. ABEL ET AL. *v.* ZONING BOARD OF APPEALS
OF THE CITY OF NORWALK ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 5, 1976—decision released January 25, 1977

*Rawle Deland, Jr.,* with whom was *Peter M. Ryan,* for the appellants (plaintiffs).

*John R. Fiore,* with whom was *Jackie Chan,* for the appellee (defendant John F. Langellotti).

LONGO, J. The plaintiffs, taxpayers and owners of property abutting property for which a variance was granted, appealed to the Court of Common Pleas from the action of the defendant zoning board of appeals of the city of Norwalk in granting an

application for a variance of the Norwalk zoning ordinance. Following certification, the plaintiffs appealed to this court from the judgment of the trial court affirming the action of the board and dismissing the plaintiffs' appeal. The trial court found, and the defendants concede, that the plaintiffs are aggrieved parties within the purview of § 8-8 of the General Statutes.

The board had before it the following evidence: On January 12, 1973, the defendant, John F. Langellotti, in order to obtain permission to construct a residential building, filed an application with the defendant board requesting a waiver of the one-acre area requirement mandated by the terms of the AAA residential zone classification of the area in which the lot was located. The lot in question, which the defendant purchased on July 5, 1972, for $17,000, was located in West Norwalk on the westerly side of Weed Avenue north of its intersection with Old Rock Road and consisted of only .704 acre. In 1961, the Norwalk planning commission had approved a subdivision plan in the zoned area providing for five separate building lots containing one acre each, and a sixth area designated on the recorded map plan as follows:
"                    (Reserve)

Area = .704 Acre  This area is not to be constituted as a building lot but to be used as a park reserve for Sisters of Saint Thomas of Villanova (across the street)."

On February 15, 1973, following a contested public meeting, the board, by unanimous vote, approved the following resolution granting the requested variance: "Whereas the application is in harmony and is substantially the same as the balance of the

neighborhood and within the intent of the zoning regulations, and whereas it conforms to all requirements of the AAA Zone but is deficient in lot area, I move for the granting of this variance with the following condition: 1. that the dwelling shall be constructed in accordance with the plot plan submitted."

Although not specifically stated in its vote to grant the variance, it is apparent from the observations and comments of the board members prior to the vote that the board concluded that failure to grant the variance would cause undue hardship to the applicant and would be unjust and confiscatory since no building could ever be erected on the premises.

The aggrieved plaintiffs appealed the grant of the variance to the Court of Common Pleas. The court agreed with the board and concluded that the granted variance would be in harmony with the rest of the neighborhood and within the intent of the zoning regulations and that it would conform to all requirements of the applicable AAA zone except for the deficient lot area, and further that the property would be worthless if it could not be used for the construction of a residence.

We find that we need not reach the issue of whether the board could find on the evidence before it that the applicant suffered unnecessary hardship or practical difficulties.[1] The plaintiffs, assuming

[1] Norwalk Zoning Regulations § 118-32. "The Board of Appeals may, in a specific case, after public hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established, in harmony with their general purpose and intent . . . F . . . so that substantial justice may be done. This authority shall be exercised in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations."

arguendo that the present situation falls within the regulatory definitions justifying a variance, argue that the hardship which the board found was voluntarily assumed by the applicant and could not, therefore, constitute grounds for the grant of a variance. We find this argument meritorious and decisive of this appeal. There was ample warning recorded in the land records to alert the plaintiff before he bought the lot to the facts that (1) the lot area did not satisfy the AAA residence zone area requirement of one acre, (2) no building was permitted to be constructed on the lot and (3) the lot was reserved for use as a park. It is well settled that "[s]elf-inflicted or self-created hardship . . . is never considered proper grounds for a variance." 2 Yokely, Zoning Law and Practice (3d Ed.) § 15-8, p. 159. Accordingly, this court has held that, where the claimed hardship arises from the applicant's voluntary act, a zoning board lacks power to grant a variance. *M. & R. Enterprises, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 280, 282, 231 A.2d 272; *Booe* v. *Zoning Board of Appeals,* 151 Conn. 681, 683, 202 A.2d 245; *Spalding* v. *Board of Zoning Appeals,* 144 Conn. 719, 722, 137 A.2d 755. We stated in *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 544, 45 A.2d 828, where the applicant had purchased property and spent money to establish a restaurant with knowledge that its use as a restaurant did not comply with the zoning restrictions: "When he bought the property he voluntarily took a chance that he would be permitted to use it for a purpose expressly prohibited by ordinance. When the board of zoning appeals granted him that permission, it acted without authority and in clear abuse of the powers vested in it. The trial court could not do otherwise than hold that its action was unlawful."

See also *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 73 A.2d 101; *Piccolo* v. *West Haven,* 120 Conn. 449, 181 A. 615; 58 Am. Jur., Zoning, § 208, p. 1054.

The defendants attempt to distinguish this case from those cited above in two ways. First, they argue that this applicant did not create the hardship. They contend, rather, that it was created for him by the subdivision of 1961. They also argue that the cases cited above all involve use and not area variances.

We find the defendants' first attempted distinction unpersuasive. They rely heavily on the case of *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 232 A.2d 922. In *Belknap* the plaintiffs bought a lot consisting of 2.94 acres in the good faith belief that it contained more than the three-acre minimum required by the local zoning ordinance for residential property. The plaintiffs' belief was based on representations by the seller and the plaintiffs' attorney that the seller had title to all of the property being sold. It was eventually shown, after the purchase, that the seller had had transferable title to only 2.94 acres. The zoning board of appeals refused to grant a variance to permit construction of a residence and that decision was affirmed in this court, in spite of this court's recognition that a variance could have been granted since it was not the voluntary act of the purchasers which had created the hardship, but that of the seller. In the present case, though the undersized lot was created by a predecessor in title of the applicant, the applicant was fully aware that he was purchasing a lot that was insufficient in size to support a residence under the existing zoning regulations. He was also aware that the lot had specifically been designated as a

park reserve and was not to be used for building. He cannot now be heard to complain that the zoning regulations are unjust.

We find the defendants' second attempted distinction equally unpersuasive. Their argument is based on the belief that an area variance is a less onerous interference with the character of a neighborhood and with the purposes of zoning than is a use variance. This distinction has never found support in our law. Minimum area requirements have been recognized as legitimate subjects of zoning regulations. *Senior* v. *Zoning Commission of New Canaan,* 146 Conn. 531, 153 A.2d 415, appeal dismissed, 363 U.S. 143, 80 S. Ct. 1083, 4 L. Ed. 2d 1145; *Howland* v. *Acting Superintendent of Bldgs.,* 328 Mass. 155, 102 N.E.2d 423; *Clemons* v. *Los Angeles,* 36 Cal. 2d 95, 222 P.2d 439. Once it is recognized that area requirements are valid subjects of zoning regulations it must also be recognized that they merit observance as the embodiment of the legitimate expectations of the community and surrounding property owners. The applicant was aware when he purchased the .704 acre lot that the applicable zoning regulations prevented him from constructing a residence. Though his proposed use was in harmony with the surrounding neighborhood, he was clearly forbidden by the zoning regulations from implementing that use. Whether he was prevented by a use or an area restriction constitutes only a difference in degree and not in kind. The difference does not rise to the level of a distinction.

There is error; and the case is remanded to the Court of Common Pleas with instructions to sustain the appeal of the plaintiffs.

In this opinion the other judges concurred.