[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Thomas E. Lee for plaintiff.
Pullman Comley for defendant.
This is an appeal from a decision of the Monroe Zoning Board of Appeals (hereafter called the Board), which granted a variance for a two acre parcel of land located at 221 Guinea Road in Monroe, to allow the keeping of horses as an accessory use on the property. The Board varied § 117-301K(2)(d) of the Monroe Zoning Regulations, which has a minimum lot area provision of five acres. That regulation allows:
 "The keeping of traditional farm animals, such as but not restricted to horses, cows, sheep and any other large animals. Such animals shall be kept on a parcel of no less than five (5) acres. There shall be no more than one (1) such animal for every one (1) acre of land of said parcel." CT Page 7698
The owner of the subject property, Magdalene Cappiello purchased the property in 1977, and she and her husband have kept horses on the property since 1980. A complaint about the horses was made to the zoning enforcement officer by the plaintiffs in 1993 which prompted the variance application by Cappiello to the Board. By a four to one vote the Board granted a variance of the minimum lot area provision in the regulation from five acres to two acres based upon previous litigation in Bunovsky v. Town of Monroe, since there were five contiguous acres available. The application was contingent upon relocation of the horse shed from its existing location to the opposite end of the property, but there was no finding on hardship.
The plaintiffs Kathleen Mezick and Peter Mezick are the owners of property at 211 Guinea Road, which abuts the Cappiello property which is the subject of this appeal. The plaintiffs have standing to maintain this appeal under the concept of statutory aggrievement. See § 8-8(a)(1) C.G.S.; Pierce v. Zoning Board ofAppeals, 7 Conn. App. 632, 636. They contend that (1) the Board should not have granted a variance based on the Bunovsky case, (2) the keeping of horses on an undersized lot is a self-created hardship, and (3) the condition on the variance was illegal since it violated another provision of the zoning regulations, and the application and the legal notice did not include a variance of that regulation.[1] It is apparent from the Board's resolution that it considered itself bound by a prior decision concerning the same regulation, Ronald J. Bunovsky, Jr, et al v. Zoning Board ofAppeals of the Town of Monroe, Superior Court of Bridgeport No. 171128, February 23, 1979. There an appeal from a cease and desist order was sustained, and judgment was entered for the property owner in a companion case which was a zoning enforcement action by the Town. The decision turned on the fact that as a result of a license agreement the property owners had the use of more than five acres to keep their horses even though they owned only a two acre parcel. The Bunovsky decision relied upon an appeal decided in the Court of Common Pleas, Lewis v. Zoning Board of Appeals of Monroe, No. 113613 (1977). The regulation provided then as now that the horses "shall be kept on a parcel of no less than five (5) acres." Since the regulation did not expressly require ownership of five acres, but the property owners had use of five acres as a result of the license agreement, the court in Bunovsky did not find a zoning violation.
This court does not express an opinion on the validity of theBunovsky case and whether it governs the situation here. This is CT Page 7699 not an appeal from a cease and desist order, but rather an appeal from a variance of the regulation. While the Board's reliance upon the Bunovsky decision is understandable, it was not the proper basis for granting a variance here. On an appeal to a zoning board of appeals from a decision of the zoning enforcement officer, the zoning board of appeals has the authority to interpret the town's zoning ordinance and decide whether it applies in a given situation. Stern v. Zoning Board of Appeals, 140 Conn. 241, 245;Connecticut Sand Stone Corp. v. Zoning Board of Appeals,150 Conn. 439, 442; Molic v. Zoning Board of Appeals, 18 Conn. App. 159,165. On appeal the Superior Court decides whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts. Spero v. Zoning Board of Appeals,217 Conn. 435, 440; Thorne v. Zoning Board of Appeals, 156 Conn. 619,620. The court reviews the decision of the zoning board of appeals, not the zoning enforcement officer. Caserta v. ZoningBoard of Appeals, 226 Conn. 80, 87-91.
Since this is not an appeal from a cease and desist order, interpretation of the zoning ordinance is not properly before the court. The question is whether the Board was allowed to grant a variance. If the Board thought from the evidence before it that the use of the subject property was not a violation of the zoning regulations, namely that the use was a permitted use under the regulations, it did not have the authority to grant a variance.Grillo v. Zoning Board of Appeals, 206 Conn. 362, 372. On the other hand, if the situation was a violation of the minimum area requirement of the regulation, the plaintiffs are correct that there is no hardship.
Even though she may not have known about it, § 117-301K(2)(d) was in effect when Cappiello acquired the subject property. The problem is caused by the voluntary act in bringing horses, not an essential feature of residential use, onto the property. In order for a zoning board of appeals to grant a variance, there must be a hardship that originates in the zoning ordinance, and which arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Whittakerv. Zoning Board of Appeals, 179 Conn. 650, 658; Pollard v. ZoningBoard of Appeals, 186 Conn. 32, 40. Where a hardship is self created, the zoning board of appeals cannot grant a variance. Abelv. Zoning Board of Appeals, 172 Conn. 286, 289; Booe v. ZoningBoard of Appeals, 151 Conn. 681, 683; M R Enterprises, Inc. v.Zoning Board of Appeals, 155 Conn. 280, 282; Pollard v. ZoningBoard of Appeals, supra, 39, 40. Personal hardship is not a ground CT Page 7700 for the granting of a variance. Id., 44; Garibaldi v. Zoning Boardof Appeals, 163 Conn. 235, 239. If a zoning violation exists, the owner can cure the problem by removing the he horses from the property. (In the alternative, they can determine from the Town's zoning authority's exactly what is required to comply with the regulation, and acquire a sufficient interest in adjacent property to comply with the regulation).
The defendant Board, relying on Shell Oil Co. v. Zoning Boardof Appeals, 156 Conn. 66, 70, points out that "the uncertainty as to the application of a regulation may create an unnecessary hardship which would justify the granting of a variance" where a property owner is unable to reasonably ascertain how property can be used in compliance with the zoning regulations. Id. There are two problems with this argument. Without discussing Shell Oil, the Supreme Court has recently stated in Wnuk v. Zoning Board ofAppeals, 225 Conn. 691, 698-99, distinguishing Leveille v. ZoningBoard of Appeals, 145 Conn. 468, that alleged uncertainty of the zoning ordinance usually does not support a finding of undue hardship needed for a variance. The question is whether the regulation is so vague that it is not susceptible to interpretation, in contrast with cases where the ordinance can be interpreted and had in fact been interpreted by a zoning official.Wnuk v. Zoning Board of Appeals, supra, 698, 699. In addition, theShell Oil case indicated that the rule did not apply there since the record did not indicate that any unusual hardship was created by vague and uncertain language in the zoning regulation, and it was merely a financial hardship which would not justify the granting of a variance. See 156 Conn. at 69, 70. In this case, if a variance was required the record does not show hardship, and the Board could not properly grant one. Nash v. Zoning Board ofAppeals, 165 Conn. 576, 577.
The appeal is sustained.
ROBERT A. FULLER, JUDGE