[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Edward T. McGettigan, Jr. and Catherine M. McGettigan appeal a decision of the defendant Zoning Board of Appeals (ZBA) approving the application of the defendant Peter Fratarcangelo for a variance. The ZBA acted under the authority of General Statutes sec. 8-6. The plaintiffs bring this appeal pursuant to General Statutes sec. 8-8(b). The court rules in favor of the defendants.
The following facts are reflected in the record before this court. The defendant Fratarcangelo is the owner of the property located at 18 Betmarlea Road in Norwalk. This parcel consists of approximately one acre and is currently undeveloped.
The plaintiffs are the owners of the abutting property located at 20 Betmarlea Road in Norwalk.
The subject property at 18 Betmarlea Road is located in a "AAA" residence zone which requires 150 feet of frontage. The existing frontage for the property is 116.23 feet. CT Page 12961
On July 15, 1993, the defendant Fratarcangelo obtained a variance of the frontage requirement from the defendant ZBA. The plaintiffs are appealing the granting of this variance.
The subject property has a tortured history. The property was at one time part of a larger lot owned by Louis Guimond. Guimond created the frontage nonconformity when he subdivided this larger lot into two smaller lots in 1978. In 1981, Guimond sought a variance of the frontage requirement for the subject property from the ZBA. The ZBA denied his request on the grounds that the hardship was self-created.
In 1986, Guimond asked the ZBA for a permit to operate a tree farm at 18 Betmarlea Road. Tree farms are a permissible use in a "AAA" zone. The ZBA approved Guimond's request based on its finding that the 150 feet frontage requirement does not apply to tree farms. Fratarcangelo owned land in the neighborhood of the subject property and opposed both Guimond's 1981 request for a variance and his 1986 request for a tree farm permit.
The defendant Fratarcangelo and Pat Cutrone, another neighbor, appealed the ZBA's approval of a tree farm permit to the Superior Court. On January 6, 1989, the court, Lewis, J., sustained the appeal. Guimond appealed the trial court's decision to the Appellate Court.
During the course of the appeal and pursuant to the Appellate Court's settlement program, the parties agreed to settle the matter. The settlement consisted of Cutrone and Fratarcangelo agreeing to purchase the subject property from Guimond and build a single family house. The settlement agreement was conditioned on the ZBA first approving a variance of the 150 feet frontage requirement.
On January 18, 1990, Cutrone, as a prospective purchaser, and on behalf of Fratarcangelo, applied for a variance of the frontage requirement in order to construct a single family residence on the property. A variance with conditions was approved by the ZBA effective March 30, 1990. The conditions were the removal of a barn and a bridge located on the subject property. The ZBA gave as its reasons for approval that its action would settle a pending lawsuit and protect the surrounding property owners' ability to enjoy their own property. CT Page 12962
Cutrone and Fratarcangelo then bought the subject property. Fratarcangelo subsequently purchased Cutrone's share of the property and became the sole owner.
The plaintiffs purchased the property located at 20 Betmarlea Road which abuts the subject lot on July 21, 1992.
On June 10, 1993, Fratarcangelo was informed by the ZBA that he needed to obtain a new variance because the 1990 variance was automatically rescinded under the ZBA's rules of procedure. These rules provide for the automatic rescission of a variance if a building permit is not obtained within 180 days of the granting of a variance.
On June 29, 1993, Fratarcangelo applied for a new variance. On July 15, 1993, the ZBA granted his application on the grounds that it had previously approved the variance and Fratarcangelo had met its prior conditions. The plaintiffs opposed the defendant's request for a variance and have filed the instant appeal pursuant to General Statutes sec. 8-8(b).
Section 8-8(b) requires that the person taking an appeal be aggrieved by the agency decision.
"The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals,24 Conn. App. 369, 373, (1991).
"Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement." Smith v. Planning and Zoning Board, 203 Conn. 317,321 (1987). See General Statutes sec. 8-8(a)(1) which specifically states that an "aggrieved person" includes any person owning land that abuts any portion of the land involved in the decision of the ZBA.
At the hearing on aggrievement before this court on August 24, 1994, the plaintiff Edward T. McGettigan testified that he owns the abutting property at 20 Betmarlea Road, Norwalk. Therefore, the plaintiffs are aggrieved because they are owners of land abutting the lot which is the subject of the present appeal. CT Page 12963
It is well settled law in Connecticut that the decisions of zoning authorities are given considerable deference and they should be overturned by a court only when it is found that the agency has not acted fairly, with proper motives and upon valid reasons. McMahon v. Board of Zoning Appeals, 140 Conn. 433, 438
(1953). "Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority." Id., quoting Kutcher v. Town Planning Commission,138 Conn. 705, 710 (1952).
A court in considering an appeal of a decision by a zoning board of appeals is not allowed to undertake a trial de novo or substitute its findings and conclusions for those of the board.Verney v. Planning and Zoning Board of Appeals, 151 Conn. 578,580 (1964). The question before the court is whether the decision of the ZBA is reasonably supported by the evidence in the record and not arbitrary or illegal. Bora v. Zoning Board ofAppeals, 161 Conn. 297, 299-300 (1971). "The burden of proof is on the plaintiff to demonstrate that the board acted improperly."Spero v. Zoning Board of Appeals, 217 Conn. 435, 440 (1991).
Given the multitude of variance applications involving the subject property, it is important to note that this is an appeal from the July 15, 1993 granting of a variance by the ZBA. The ZBA stated as its reasons that the conditions were substantially the same as the variance that it had previously approved and the requirements imposed by the ZBA had been satisfied.
It is an established principle of zoning law that an agency should adhere to its prior decision absent a substantial change of conditions. "A zoning board of appeals is generally precluded from reversing a prior decision unless there has been a material change of conditions, or other considerations have intervened affecting the merits, and no vested rights have arisen." Wrightv. Zoning Board of Appeals, 174 Conn. 488, 492 (1978). See alsoSipperly v. Zoning Board of Appeals, 140 Conn. 164, 167 (1953). There is no dispute that, in this case, the defendant Fratarcangelo was seeking a variance exactly the same as the one which had expired.
The plaintiffs assert that their purchase of the abutting property subsequent to the granting of the first variance and prior to the variance at issue here constitutes a substantial change of condition. This court does not agree. A mere change CT Page 12964 of neighbors is insufficient to warrant a ZBA from reversing a prior decision. The sale of abutting property is not such a change that it can be said to "vitiate and materially affect the reason which produced and supported [the previous decision]. . . ."Consiglio v. Board of Zoning Appeals, 153 Conn. 433, 438 (1966).
The plaintiffs also contend that the ZBA should not have relied on its March 1990 decision because that decision was arbitrary, capricious and an abuse of discretion. Specifically, the plaintiffs argue that no unusual hardship existed to justify the grant of the variance.[1] The plaintiffs assert that the approval of the 1993 variance was improper for the same reason.
General Statutes sec. 8-6 authorizes a zoning board of appeals to grant a variance from zoning regulations in situations where literal enforcement of the zoning regulations "would result in exceptional difficulty or unusual hardship. " Proof of the existence of unusual hardship is a condition precedent to the granting of a variance by a ZBA. Nash v. Zoning Board ofAppeals, 165 Conn. 576, 577 (1973). See also Smith v. ZoningBoard of Appeals, 174 Conn. 323 (1978).
The burden is on the applicant to prove hardship. Carini v.Zoning Board of Appeals, 164 Conn. 169, 172 (1972). The hardship established by a party seeking a variance must be a legally cognizable hardship. Kelley v. Zoning Board of Appeals,21 Conn. App. 594, 595 (1990).
A hardship that is self-created will not warrant a variance. "Similarly, it is also well established that self-inflicted hardship which arises because of individual actions by the applicant will not provide a zoning board of appeals with sufficient reason to grant a variance." Garibaldi v. ZoningBoard of Appeals, 163 Conn. 235, 239 (1972).
In this case, the defendant Fratarcangelo's hardship of owning a nonconforming lot arose out of his voluntary act of agreeing to purchase property that he knew had inadequate frontage. The hardship was therefore self-created and can not serve as the basis for a variance.
Fratarcangelo's predecessor in title, Louis Guimond, voluntarily subdivided a larger lot and created the present nonconforming lot with inadequate frontage. The ZBA in 1981 appropriately denied Guimond's request for a variance on the CT Page 12965 grounds the hardship was self-created. See Aitken v. ZoningBoard of Appeals, 18 Conn. App. 195 (1989).
The ZBA can not grant a variance where the applicant or his predecessor in title voluntarily created the hardship. "Where the applicant or his predecessor creates a nonconformity the Board lacks power to grant a variance." (Emphasis supplied).Kulak v. Zoning Board of Appeals, 184 Conn. 479, 482 (1981). See also Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 712
(1988).
An exception to the rule that the applicant is liable for the sins of his predecessor does exist. See Belknap v. ZoningBoard of Appeals, 155 Conn. 380 (1967). In Belknap, the Supreme Court stated, in dicta, that the ZBA had the authority to grant a variance where the applicants erroneously believed that their predecessor in title had conveyed to them a parcel that fully complied with zoning requirements. "Where the condition which results in the hardship is due to one's own voluntary act, the zoning board is without the power to grant a variance. MREnterprises, Inc. v. Zoning Board of Appeals, 155 Conn. 280, 282. Where, as in the present case, however, the hardship arises as the result of a voluntary act by one other than the one whom the variance will benefit, the board may, in the sound exercise of its liberal discretion, grant the variance. Cf. Highland Park,Inc. v. Zoning Board of Appeals, supra. But the board is not required to extricate an applicant from an unusual hardship, at least if it does not arise out of the application of the zoning regulations themselves." Belknap v. Zoning Board of Appeals, supra, 155 Conn. 384. See also Whittaker v. Zoning Board ofAppeals, 179 Conn. 650 (1980).
The principle enunciated in Belknap, however, is a limited one and does not apply to this case. In Belknap, the applicants were not aware of the nonconformity at the time they purchased the property and they mistakenly thought that their property fully complied with zoning requirements. That was not the situation in this case at the time the variance was granted in 1990.
Prior to agreeing to purchase 18 Betmarlea Road, Fratarcangelo knew full well the zoning deficiency of the property. This case is therefore governed by the rule that a purchaser who knows before buying the property that it does not meet zoning requirements has voluntarily assumed the hardship and CT Page 12966 can not obtain relief. "In the present case, though the undersized lot was created by a predecessor in title of the applicant, the applicant was fully aware that he was purchasing a lot that was insufficient in size to support a residence under the existing zoning regulations . . . He cannot now be heard to complain that the zoning regulations are unjust." Abel v. ZoningBoard of Appeals, 172 Conn. 286, 290-291 (1977). See alsoBaccante v. Zoning Board of Appeals, 153 Conn. 44, 48 (1961) andCelentano v. Zoning Board of Appeals, 136 Conn. 584, 587 (1950).
If a prospective purchaser knows that the property is nonconforming, the ZBA can not issue a variance. It is his voluntary act of purchasing a known nonconforming property which causes his hardship.[2] "Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance; and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Self-inflicted or self-created hardship is never considered proper grounds for a variance." (citations omitted). Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39-40 (1982). Guimond, not the zoning ordinance, created the nonconformity because at the time Guimond subdivided his property the Norwalk zoning regulations required 150 feet frontage.
In March 1990, the ZBA stated that it was approving a variance for 18 Betmarlea Road in order to settle a lawsuit and to remedy the hardship experienced by surrounding property owners whose ability to enjoy their own properties would otherwise be hampered. Neither reason constitutes a legally cognizant hardship. "[A] variance may not be granted unless the applicant can show that the zoning ordinance works a distinct hardship on his particular piece of property and not merely a general hardship on the neighborhood at large." Ward v. Zoning Board ofAppeals, 153 Conn. 141, 146 (1965).
The ZBA did not have the authority to grant the defendant Fratarcangelo a variance in 1990. It does not necessarily follow however that the ZBA was required to deny the defendant's variance application in 1993. In fact, equity demands that the ZBA be estopped from invalidating the variance it previously granted. CT Page 12967
This court may utilize any reason supported by the record to affirm the ZBA's decision. "If the board fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken. . . In searching the record, the trial court may rely on any reason culled from the record which demonstrates a real or reasonable relationship with the general welfare of the community in concluding that the board's decision should be upheld." Stankiewicz v. Zoning Board of Appeals,15 Conn. App. 729, 732-733, aff'd, 211 Conn. 76 (1989).
In special circumstances, a municipality may be estopped from enforcing its zoning regulations. Dornfield v. OctoberTwenty-four, Inc., 230 Conn. 622, 634 (1994). Generally, estoppel requires that two essential elements be proved: (1) the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief, and (2) the other party must change its position in reliance on those facts, thereby incurring some injury. Dornfield v. October Twenty-four,Inc., supra, 230 Conn. 634-635. To estop a municipality, the injury or loss must be substantial. Dornfield v. October Twenty-four,Inc., supra, 230 Conn. 635. As a result, a city's zoning regulations may be estopped "(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations." Id.
The facts in this case satisfy the stringent requirements for equitable estoppel. The city of Norwalk through its ZBA acted in a way calculated to induce the defendant Fratarcangelo to believe that certain facts existed and to act on that belief. The ZBA granted a variance for 18 Betmarlea Road in 1990 which not surprisingly caused Fratarcangelo to believe that a single family residence could now be built on the property. Believing its approval to be proper, the ZBA intended Fratarcangelo to have that belief and to act on it.
Fratarcangelo changed his position in reliance on the ZBA granting of a variance, thereby incurring injury. Fratarcangelo's agreement with Guimond to purchase 18 Betmarlea Road was contingent on ZBA approval of a variance for the property. He would not have purchased the property if the variance had not been given. Because it was given, he CT Page 12968 consummated the sale.
The loss suffered by Fratarcangelo was substantial. The cost of purchasing the property was $130,000. Fratarcangelo also incurred significant expenses in removing the barn and bridge which were conditions imposed by the ZBA and in obtaining the necessary permits to commence construction. Fratarcangelo would lose a substantial out of pocket investment in real property if the zoning regulations were now enforced. Compare Dornfield v.October Twenty-four, Inc., supra, 230 Conn. 622.
The loss that would be incurred by Fratarcangelo is so substantial and the result so unfair in light of all the circumstances that it would be highly inequitable for this court to require the ZBA to now reverse its position and deny a variance. Fratarcangelo in good faith entered into an agreement with Guimond to purchase the subject property in order to settle long and messy litigation involving Guimond, his neighbors, including Fratarcangelo, and the ZBA. The settlement was reached under the auspices of the Appellate Court's settlement program. Fratarcangelo sought a ruling from the ZBA approving the variance before finalizing the purchase of the property. He spent $130,000 to buy the lot and fully complied with the ZBA's conditions by removing the bridge and barn.
Fratarcangelo did everything that one could reasonably expect to insure that he was purchasing property upon which he could build a single family residence. The ZBA was fully aware of his intended use of the property. See Zoning Commission v.Lescynski, 188 Conn. 724, 735 (1982). Fratarcangelo reasonably relied on the ZBA's action. See Kimberly-Clark Corporation v.Dubno, 204 Conn. 137, 149-151 (1987).
Moreover, the impact on the plaintiffs of estopping the municipality from enforcing its zoning regulations on the subject property is minimal. The only nonconformity is a frontage of 116.23 feet, instead of the 150 feet required by the zoning regulations. A single family house would not be unreasonably close to the plaintiffs as the lot meets the one acre minimum and all setback requirements. A single family house would also be in keeping with the use of the surrounding lots in the neighborhood.
This matter would not even be before this court except that delay in addressing the ZBA's conditions and obtaining the necessary permits caused the initial variance to expire and the CT Page 12969 plaintiffs purchased neighboring property in the interim. These facts in and of themselves are not sufficient to override the equitable considerations supporting the variance.
It has long been understood that "equitable estoppel is available only for protection and cannot be used as a weapon of assault." Hebb v. Zoning Board of Appeals, 150 Conn. 539, 543
(1963). See also Dickau v. Glastonbury, 156 Conn. 437, 442
(1968). In keeping with this rule, the doctrine is being used here as a shield, not as a sword. Fractarcangelo is not seeking to have this court force the ZBA to grant him a variance. The ZBA has granted a variance for 18 Betmarlea Road, not once but twice. Fractarcangelo is only asking that the plaintiffs be prevented from taking away the variance he now holds.
In sum, it would be fundamentally unfair to now deny a variance to Fratarcangelo when he acted in good faith, justifiably relied on the ZBA's decision, and would incur a substantial loss if the ZBA's decision were now reversed. The harm to the plaintiffs of having a house built on a neighboring lot with reduced frontage is insufficient to override the compelling nature of the defendant's claim. Therefore, the ZBA is estopped from rescinding the variance for the subject property.
The appeal is dismissed.
Jon Alander, Judge