[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiffs from the decision of the Zoning Board of Appeals of the Town of New Canaan denying their request for a variance of § 60-14.2 and § 60-14.6 of the New Canaan Zoning Regulations. Those sections require a road frontage of 150 feet for an irregularly shaped lot in a 2-acre zone, which lot otherwise had the required area and the required average width. The plaintiffs sought a lot frontage of 125 feet, rather than the 150 feet, to allow the development of a rear lot on their premises.
The Zoning Regulations of the Town of New Canaan ordinarily require a frontage width of 250 feet for building lots in a 2-acre zone (§ 60-14.2). The regulations, however, provide that: "In irregular-shaped lots having the required area and the required average width and where the road frontage is less than CT Page 14393 the required width, such frontage shall be at least two-thirds (2/3) of the width, and if on a circle, the measurement may be on the arc of the circle." (§ 60.14.6). In a 2-acre zone, that would require a road frontage of 150 feet for an irregular-shaped lot.
Until 1956, the Zoning Regulations for the Town of New Canaan did not provide for rear building lots. In May 1956, the regulations were amended to allow, inter alia, that in the 2-acre zone "where a parcel of land is of sufficient area to afford a division thereof into not more than two (2) zone units, one (1) of which zone units does not have the required width on a public highway for the zone involved, zoning permits for both of said two (2) zone units may be issued, provided that the zone unit not having the required width on a public highway has access thereto by means of an accessway serving such zone unit and such accessway is not less than twenty-five (25) feet in horizontal width." (Now § 16-14.5 A).
Plaintiffs have established that they are owners of residential property consisting of 4.964 acres located in a 12-acre zone at 117 Fox Run Road, New Canaan. The plaintiffs' lot is irregularly shaped and was developed as a § 60-14.6 lot, with a present frontage on Fox Run Road of 160 feet. These premises were part of a twenty-three-lot subdivision approved in 1954. While some of the lots in that subdivision exceed 2 acres in size, and there are four that are in excess of 3 acres, only the plaintiffs' lot has sufficient area to provide for subdivision into two 2 acre lots. The plaintiffs purchased the premises on November 9, 1956.
In 1994, the plaintiffs applied to the Planning and Zoning Commission of the Town of New Canaan for permission to resubdivide their property into two lots, the front lot being 2.128 acres in size, with a rear lot of 2.836 acres. The rear lot required an accessway of 25 feet, but 35 feet was provided by the plaintiffs to preserve an existing driveway. On November 29, 1994, the Planning and Zoning Commission approved the resubdivision application, subject to the following condition: "A variance must be obtained from the Zoning Board of Appeals to allow frontage of 125 feet rather than the minimum allowed for an irregular lot of 150 feet."
On November 7, 1994, the plaintiffs filed an application for variance of § 60-14.2 and § 60-14.6 of the zoning regulations. CT Page 14394 On December 5, 1994, the Zoning Board of Appeals held a public hearing in which it considered the plaintiffs' application.
Following the public hearing, the defendant Board voted 3-2
in favor of granting the variance. The chairman then ruled that the application was denied for failure to gain the required four affirmative votes. Four affirmative votes are required to approve a variance both by the New Canaan Zoning Regulations 60-23.6 and by General Statutes § 8-7.
The plaintiffs filed a timely appeal from that decision to this court.
The plaintiffs, as owners of the property that was the subject of the Board's action are aggrieved by that decision for purposes of this appeal.
Although the minutes of the meeting at which the vote was taken suggest there was discussion of the item, the minutes do not reveal what the discussion involved nor the reasons for the vote of the various members nor the reasons for the Board's decision, other than a failure to obtain the required number of affirmative votes.
When a zoning board does not state the reasons for its decision on the record, the court must search the record to attempt to find some basis for the action taken. Grillo v. ZoningBoard of Appeals, 206 Conn. 362, 369, 537 A.2d 1030 (1988); Wardv. Zoning Board of Appeals, 153 Conn. 141, 144, 215 A.2d 104
(1965); Aitken v. Zoning Board of Appeals, 18 Conn. App. 195,1205, 557 A.2d 1265 (1989).
It has been held that the authority of a zoning board of appeals to grant a variance under General Statutes § 8-6(3) "requires the fulfillment of two conditions: `(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan."'Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368,537 A.2d 1030 (1988).
An unusual hardship "must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of CT Page 14395 the property owner." Smith v. Zoning Board of Appeals, 174 Conn. 323,327, 387 A.2d 542 (1978). "Where the claimed hardship arises from the applicant's voluntary act, . . . a zoning board lacks the power to grant a variance." Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982). A board lacks power to grant a variance where the applicant or his predecessor created the nonconformity. Id., 40. "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance" or arises as a result of an act by one other than the one whom the variance will benefit. Id., 39.
The transcript of the public hearing shows that several owners of lots in a 4-acre zone, which was located to the rear of the subject lot, objected to the granting of the variance since it would allow the development of the rear building lot. The objections appeared to be based on concern for the possible effect on property values, possible interference with views, and a change of the character of the area. Several objected on the grounds that the plaintiffs were attempting to obtain a financial gain, without the showing of any legal hardship. Finally, some of the opposition appears to be based on a claim that any hardship was self-created because the plaintiffs purchased the property with full knowledge of the frontage regulations for an irregularly shaped lot in a 2-acre zone, which frontage requirements existed before the change allowing for rear lot development.
The transcript also reveals that the subdivision was laid out at a time when the zoning regulations of the town of New Canaan did not allow for the development of rear lots and that the provisions of § 16-14.5 A allowing such zone units were adopted after the subdivision had been approved and developed. It also appears from an examination of the subdivision map that this lot might have been developed in conjunction with the neighboring lots to have provided an accessway for any rear lot and still comply with the frontage requirements, if the zoning change could have been anticipated. In fact, the transcript reveals that the plaintiffs had attempted to acquire the additional property from an adjacent neighbor which would have obviated the need for a variance request, but the neighbor would not agree to the conveyance.
The defendant Board does not appear to seriously contend that anything in the record would indicate that the requested CT Page 14396 variance would affect substantially the comprehensive zoning plan, since the Zoning Commission had already approved the resubdivision of the lot and the fears concerning depreciation of property values expressed by some of the opposition was merely conjecture. Rather the defendant's claim is that the record demonstrates that the plaintiffs failed to convince the defendant Board that they had a unique hardship and failed to prove that adherence to the strict letter of the zoning ordinance would cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.
The defendant cites Abel v. Zoning Boards of Appeals,172 Conn. 286, 374 A.2d 227 (1977) in support of its claim that any alleged hardship was voluntarily assumed by the plaintiffs when they purchased the property. In Abel, the Supreme Court stated at pages 288-90:
 The plaintiffs, assuming arguendo that the present situation falls within the regulatory definitions justifying a variance, argue that the hardship which the board found was voluntarily assumed by the applicant and could not, therefore, constitute grounds for the grant of a variance. We find this argument meritorious and decisive of this appeal. There was ample warning recorded in the land records to alert the plaintiff before he bought the lot to the facts that (1) the lot area did not satisfy the AAA residence zone area requirement of one acre, (2) no building was permitted to be constructed on the lot and (3) the lot was reserved for use as a park. It is well settled that "[s]elf-inflicted or self-created hardship . . . is never considered proper grounds for a variance." 2 Yokely, Zoning Law and Practice (3d Ed.) 15-8, p. 159. Accordingly, this court has held that, where the claimed hardship arises from the applicant's voluntary act, a zoning board lacks power to grant a variance. M. R. Enterprises, Inc. v. Zoning Board of Appeals, 155 Conn. 280, 282, 231 A.2d 272; Booe v. Zoning Board of Appeals, 151 Conn. 681, 683, 202 A.2d 245; Spalding v. Board of Zoning Appeals, 144 Conn. 719, 722, 137 A.2d 755. We stated in Devaney v. Board of Zoning Appeals, 132 Conn. 537, 544, 45 A.2d 828, where the applicant had purchased property and spent money to establish a restaurant with knowledge that its use as a restaurant did not comply with the zoning restrictions: "When he bought the property he voluntarily took a chance that he would be permitted to use it for a purpose expressly prohibited by ordinance. When CT Page 14397 the board of zoning appeals granted him that permission, it acted without authority and in clear abuse of the powers vested in it. The trial court could not do otherwise than hold that its action was unlawful." See also Celentano v. Zoning Board of Appeals, 136 Conn. 584, 73 A.2d 101; Piccolo v. West Haven, 120 Conn. 449, 181 A. 615; 58 Am.Jur., Zoning, 208, p. 1054.
However, the plaintiffs' situation does not conform to the objections voiced in Abel and the cases cited therein. The plaintiffs' lot area complied with the zoning requirements for a resubdivision and complied with the existing zoning requirements when they purchased the property; the Zoning Commission approved the site for the development of a rear building lot as conforming to the zoning requirements for the 2-acre zone, and, there is no land restriction requiring the plaintiffs to dedicate their property to the maintenance of a nearly five acre single building lot in a 2-acre zone.
The defendant Board, in its memorandum, emphasizes the fact that when the plaintiffs purchased the property, they should have known or did know that the frontage of the property would not permit the development of a rear lot. The argument seems to be that any alleged hardship is either self-created or is not unique. The defendant asserts that the plaintiffs seek a variance based on the 1956 change in the regulations allowing rear lots, but the fact is that they could not meet the frontage requirements even if that change was in existence in 1954, when they purchased their property. Moreover, the defendant asserts that the frontage regulations are appropriate and have not been attacked in this appeal.
However, in the case of Lawrence Memo. Hosp., Inc. v.Zoning Board, 22 Conn. App. 291, 577 A.2d 740 (1990), the corporate applicant had, acting for a previous owner, persuaded the zoning commission to change several acres of property from an R-3 Multi-Family Zone to an Institutional Zone. The applicant intended using the land as a parking facility and such facility was only authorized in an Institutional Zone. After the zone change, the corporation purchased a portion of the rezoned property even though at the time of the zone change, and at all times thereafter, the minimum frontage for institutionally zoned property was 150 feet. The applicant knew there was only 141 feet of street frontage, with twenty-six feet belonging to the 3.3 acres it had purchased, and the remaining frontage belonging, CT Page 14398 to property owned by Amtrak.
The zoning board denied the application for a frontage variance finding that the hardship was the result of the applicant's own action.
The Appellate Court held:
 In the present case, the hardship was created by application of the zoning regulation's frontage requirement to institutionally zoned property that failed to meet this requirement because of the planning and zoning commission's enactment of the zone change amendment to the property in question. The planning and zoning commission was not hired by nor under the control of the plaintiff, nor was it the plaintiff's agent.
 We think that the cases of Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 365 A.2d 387 (1976), and Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 429 A.2d 883 (1980), are more on point.
 In Chevron Oil Co. v. Zoning Board of Appeals, supra, 150, the court held that a hardship did not result from the applicant's successful request for a zone change but was caused by the application of a setback regulation to unusually shaped property. Likewise, in the present case, the hardship did not result from the plaintiff's successful request for a zone change but was caused by application of the frontage regulation; 570.6; to the 3.3 acres of the plaintiff's property.
 In Johnny Cake, Inc. v. Zoning Board of Appeals, supra, 300-301, the court indicated that "if the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, then the purchaser has the same right to seek a variance and, if [its] request is supported in law, to obtain the variance. . . . Otherwise the zoning ordinance could be unjust and confiscatory." (Citation omitted.)
 In the present case, the hardship was created by the enactment of a zoning ordinance, namely, the zone change amendment by the planning and zoning commission. Contrary to the defendants' claim, the plaintiff, as purchaser had the CT Page 14399 same right to obtain a variance to use these 3.3 acres of land as the legal owner of the property at the time of the zone change.
 Lawrence Memo. Hosp., Inc. v. Zoning Board, supra, 300-301.
In the present situation, the New Canaan Zoning Commission amended the Regulations to allow the development of rear lots on premises large enough to permit such development. In doing so, the Commission, for purposes of resubdivision, effectively modified the frontage regulations by adding twenty-five feet to the minimum frontage, be it to 175 feet from 150 feet for an irregularly shaped lot or to 275 feet from 250 feet for a rectangular lot, in apparently requiring the creation of a twenty-five-foot accessway in fee ownership for the rear lot of the premises. To say that the plaintiffs or the previous owner could not meet the frontage requirements for resubdivision under § 16-14.5 A at the time the regulations were amended is to beg the question; to say the frontage regulations must be strictly enforced, as some of the opponents asserted at the public hearing, is to misunderstand the ameliorating function of zoning variance.
The defendant asserts the truism that neither financial loss nor the potential for financial gain is the proper basis for granting a variance. Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239 (1972), citing Carlson v. Zoning Board of Appeals,158 Conn. 86, 255 A.2d 841 (1969). Several of the people appearing in opposition to the motion made the claim that the hardship alleged by the defendant is purely financial and therefore insufficient to support a variance from the zoning regulations.
The present case differs from those cases in that the basis for hardship is not a solely financial disadvantage. The record indicates an alternative basis for hardship in the action of the Planning and Zoning Commission conditioning the subdivision of the lot on the requirement of a 25-foot accessway. While an inability to build on property or to otherwise exploit property is a financial hardship, in the present case the strict application of the zoning regulations frontage requirements prevents the plaintiffs or any subsequent owners of the property from using the rear lot, which in all other instances is an appropriate building lot, in order to build a single family CT Page 14400 dwelling as allowed in this 2-acre zone. The strict application of the street frontage requirement will effectively deprive the plaintiffs of the use of one-half of the property as a building site and could constitute a confiscatory application of a zoning regulation.
The record, in the present case reveals that this parcel is unique in the neighborhood, since it is the only parcel which meets the requirement of sufficient area to be subdivided into two building sites suitable for the 2-acre zone. The New Canaan Planning and Zoning Commission has approved the resubdivision so it presumptively conforms with the comprehensive plan of the zoning regulations and the purposes for which § 16-14.5 A was adopted. The plaintiffs attempted to acquire additional property, from a neighbor which would have made the need for a variance to develop the rear lot unnecessary, but the land was not made available. Strict enforcement of the regulations would require the plaintiffs to maintain an almost 5 acre piece of property in a 2-acre zone, although the property has sufficient area to be subdivided into two legally conforming 2 acre building sites.
In Lessner v. Manchester Zoning Board of Appeals, 151 Conn. 165,195 A.2d 437 (1963), the court upheld the decision of a board to grant a variance when the board found among reasons for its action (1) that no contiguous land was available to provide a required frontage, (2) that a variance would not impair the integrity of the zoning regulations or be substantially detrimental to the public welfare, (3) that the property exceeded other property in the subdivision in meeting some zoning requirements.
The Supreme Court concluded that the board was warranted in its determination that the location of the property and the unavailability of additional land for compliance with the regulations constituted special circumstances which did not apply generally to other property in the neighborhood; that the approval of the variance conformed with the comprehensive plan of the zoning regulations; and that unusual difficulty or unreasonable hardship would result to the property owner from the strict application of the regulations.
The record reveals no reasonable basis on which the requested variance should have been denied and the Board has stated no reason why the requested variance should have been denied. CT Page 14401
Because the court intends to sustain the appeal, the court will not address the other basis for requested action — the alleged exclusion of one plaintiff from the hearing — except to say that the evidence does not support a finding that the applicant was denied a fair hearing.
The appeal is sustained. The denial of the plaintiffs' application for a variance is reversed, and the Board of Appeals of the Town of New Canaan is directed to grant the variance to the plaintiffs.
NIGRO, J.