FRANCES W. CHAPIN *v.* JAMES A. CHAPIN ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued February 10—decided April 26, 1967

*Joel C. Karp,* with whom, on the brief, was *Leonard A. Schine,* for the appellant (plaintiff).

*Raymond W. Beckwith,* for the appellee (defendant Detroit Bank and Trust Company, trustee).

PER CURIAM. The plaintiff brought this action against her husband for divorce and, in a separate fourth count, to set aside a trust agreement under which the defendant husband is a beneficiary. The Detroit Trust Company, now the Detroit Bank and Trust Company, a party defendant, is the trustee under the trust instrument. The trust company's demurrer to the fourth count and to the prayers for relief addressed to it was sustained, and the plain-

tiff pleaded over.[1] The plaintiff's amended pleading attacking the trust agreement contained no prayers for relief, and the trust company again demurred, claiming, inter alia, that the amended pleading was legally insufficient because it did not include any prayers for relief. This demurrer was also sustained. The plaintiff failed to plead over and has appealed to this court from the judgment rendered thereon. This appeal raises the claim that the court erred in sustaining the trust company's second demurrer to the fourth count. See Practice Book § 604.

One of the grounds on which the court sustained this demurrer was that the fourth count, as amended, did not state a cause of action because it lacked prayers for relief. *Deveau* v. *Skidmore,* 47 Conn. 19, 20; Stephenson, Conn. Civ. Proc. § 72. The plaintiff from time to time filed amendments, as well as more specific statements, to the fourth count of the complaint. Each so-called amendment was complete on its face and thus was actually a substituted fourth count. The previous allegations of the fourth count dropped out of the complaint upon the filing of each of these substituted fourth counts. The plaintiff had added to the confusion by relating certain of her prayers for relief to the fourth count. All prayers for relief should be stated at the foot of the complaint. *Goodrich* v. *Stanton,* 71 Conn. 418, 425, 42 A. 74.

As a consequence of all this, when the fourth count fell under the first demurrer, it carried with it the prayers for relief to which the demurrer had also been addressed. Thus, under the procedure adopted by this plaintiff, the only prayers for relief

[1] This demurrer, dated April 21, 1965, is found in the original file but has not been included in the printed record.

addressed to the fourth count were removed from the case when the first demurrer was sustained. *Mainolfi* v. *Zoning Board of Appeals,* 146 Conn. 634, 636, 153 A.2d 460; see Practice Book § 108. Since the plaintiff failed to include any claims for relief when she repleaded, and since the prior demurrer had been specifically directed to the claims for relief under the fourth count, as well as to the fourth count itself, the trial court's sustaining of the second demurrer on this ground was required. *Leger* v. *Kelley,* 142 Conn. 585, 587, 116 A.2d 429.

There is no error.