[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (NO. 116)
On June 26, 1991, the plaintiff, Laura DiMartino filed this action as a small claim against the defendants, Physicians Health Services and Blue Cross/Blue Shield of Connecticut. The plaintiff alleges a breach of contract against both defendants based upon their alleged failure to pay medical benefits to the plaintiff. On July 30, 1991, defendant Physicians Health Services filed a motion to transfer the case to the regular docket which was granted by the court on September 3, 1991.
On October 30, 1992, the plaintiff filed a revised two-count complaint to take the place of the earlier small claims complaint. That complaint was complete in every respect, except that it lacked a demand for relief. On November 2, 1992, defendant Physicians Health Services filed an answer and special defenses to the revised complaint.
On November 5, 1992, the plaintiff filed a request to amend its revised complaint. The proposed "amended revised complaint" includes a demand for relief in the form of money damages. On that same date, Physicians Health Services filed an objection to the plaintiff's request to amend. Neither the request to amend nor the objection thereto have been ruled upon by the court.
Also on November 5, 1992, Physicians Health Services filed a motion to dismiss the action, on the ground that the plaintiff's failure to include a demand for relief in the CT Page 4571 complaint deprives the court of subject matter jurisdiction. On November 19, 1992, defendant Blue Cross/Blue Shield of Connecticut filed an identical motion to dismiss. All of the parties have filed memoranda in support of their respective positions.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." (Citations omitted, internal quotation marks omitted.) LoSacco v. Young, 210 Conn. 503, 508, 555 A.2d 986
(1989). "`A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it.'" (Citation omitted.) State v. Carey, 222 Conn. 299,304-305, 610 A.2d 1147 (1992). "`[O]nce the question of lack of jurisdiction of a court is raised, "[it] must be disposed of no matter in what form it is presented" . . . and the court must "fully resolve it before proceeding further with the case."'" (Citations omitted.) Id., 305.
Practice Book 131 states that a complaint "shall contain a concise statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for relief which shall be a statement of the remedy or remedies sought." "In an ordinary civil case, the general rule is that a prayer for relief must articulate with specificity the form of relief that is sought. . . . A party who fails to comply with this rule runs the risk of being denied recovery." (Citations omitted). Stern v. Medical Examining Board, 208 Conn. 492, 501,545 A.2d 1080 (1988).
While a plaintiff may be denied a recovery, there is no authority for the proposition that such a failure affects the court's subject matter jurisdiction. In fact, the Connecticut Supreme Court has indicated that the failure to include a demand for relief only affects the legal sufficiency of a complaint, thus rendering it subject to a motion to strike. See Chapin v. Chapin, 155 Conn. 691, 229 A.2d 548 (1967).
Under the current complaint, while the plaintiff may be precluded from collecting money damages, there is nothing to prevent the plaintiff from proving the existence of the CT Page 4572 contractual duty of the defendants. Thus, the issue is whether the plaintiff's complaint "state[s] a claim upon which relief can be granted." Practice Book 152.
Accordingly, the motion to dismiss is denied.
BALLEN, JUDGE