[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 113
On December 28, 1994, the plaintiff, Margaret Byrne, filed a two count revised complaint arising out of an automobile collision with the defendant, Gerald Acquarulo.
The first count alleges negligence based upon, inter alia, violations of General Statutes, Secs. 14-242, 14-230, 14-231, and14-218a. The second count incorporates the factual allegations as set forth in the first count, and further alleges a violation of General Statutes, Sec. 14-222.
On January 17, 1995, the defendant filed a motion to strike the plaintiff's revised complaint on the grounds that (1) the revised complaint does not include a demand for relief, and therefore does not allege a legally sufficient cause of action; and (2) the second count does not sufficiently allege a cause of action pursuant to General Statutes, Sec. 14-295.
The defendant has filed a memorandum of law in support of his motion to strike. The plaintiff has filed a memorandum of law in opposition to the defendant's motion.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,131, 471 A.2d 679 (Super.Ct., 1983). The motion "admits all facts well pleaded; [but] it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
In his supporting memorandum, the defendant contends that the CT Page 3657 failure to include a demand for relief renders the plaintiff's revised complaint legally insufficient. Additionally, the defendant maintains that the second count of the revised complaint that alleges a violation of section 14-222 is based upon vague allegations unsupported by facts and should therefore be stricken.
The plaintiff counters in her opposition memorandum that (1) the defendant's motion is premature because her objection to the defendant's second request to revise has yet to be ruled on; (2) the original complaint included a statement of amount in demand, and since the defendant did not challenge that statement in a previous request to revise filed by the defendant, the original statement of amount in demand "continues in existence" and the defendant is foreclosed from seeking any further pleading revisions; and (3) the second count of the revised complaint sufficiently alleges a cause of action sufficient to justify damages pursuant to section 14-295.
A review of the chronology of this case provides useful insight. The plaintiff filed her original complaint on December 8, 1993, which included a statement of amount in demand. The defendant challenged certain substantive portions of that complaint by request to revise dated December 28, 1993, but presumably did not challenge the statement of amount in demand because the complaint indeed contained one. Thereafter, on January 21, 1994, the plaintiff filed a revised complaint which theoretically cured the deficiency addressed by the defendant's December 28, 1993 request to revise. However, in distinction to her original complaint, the plaintiff's revised complaint filed on January 21 omitted any prayer for relief. On February 4, 1994, the defendant filed a second request to revise challenging not only substantive portions of the plaintiff's revised complaint, but the fact that the plaintiff failed to insert a statement of amount in demand. The plaintiff objected to the defendant's second request to revise, alleging, inter alia, that
 [t]he defendant has waived this request, since the defendant failed to make such a request in the initial Request to Revise dated December 28, 1993. The plaintiff's request to revise has not changed, been modified or objected [to] since the initial filing of the complaint.
Before the defendant's second request to revise was ruled upon, the plaintiff filed the operative complaint, without any prayer for relief, on December 28, 1994. The defendant now CT Page 3658 challenges that omission by motion to strike.[1]
Where a plaintiff files an amended complaint without objection by the adverse party, "the amendment shall be deemed to have been filed by consent of the adverse party"; Practice Book, Sec. 176; and the amendment "`relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action.'" Kaye v. Manchester, 20 Conn. App. 439,444, 568 A.2d 459 (1990), quoting Jonap v. Silver, 1 Conn. App. 550,555, 474 A.2d 800 (1984). The complaint filed on December 28, 1994 fails to allege a new cause of action and, therefore, not only relates back to the time of the original complaint to this action, but renders all previous complaints and requests to revise thereto as moot. Therefore, the plaintiff's claims that the defendant's motion is premature, and that the defendant has waived his right to challenge the revised complaint, is not supported either by the Practice Book or case law and is therefore without merit.
With regard to the operative complaint filed on December 28, 1994, "[a] pleading will survive a motion to strike where it contains all the necessary elements of a cause of action." Nievesv. U-Haul, 9 CSCR 601 (June 13, 1994, Mulcahy, J.). The necessary elements of a cause of action are set forth in General Statutes, Sec. 52-91, which provides, in part, that:
 There shall be one form of civil action. The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for relief, which shall be a statement of the remedy or remedies sought.
See also Practice Book, Sec. 131. A complaint that fails to include a prayer for relief is fatally defective and becomes subject to a motion to strike. See Chapin v. Chapin, 155 Conn. 691,229 A.2d 548 (1967); Stephenson, Connecticut Civil Procedure, Sec. 72.
A review of the plaintiff's revised complaint dated December 27, 1994, reveals that the plaintiff has neglected to include a prayer for relief in violation of section 52-91 of the General Statutes and in violation of section 131 of the Practice Book. Therefore, the complaint is legally insufficient and is stricken. Based on the foregoing, the court need not address the other ground set forth in the defendant's motion. CT Page 3659
Stodolink, J.