[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO STRIKE #106.00
 I
On June 8, 2000, the plaintiff, Patrick Troy filed a six count complaint against his former employer, the defendant Precision Computer Services, Inc. Therein, the plaintiff makes certain allegations with regard to his employment with the defendant and his subsequent discharge.
On February 5, 2001, the defendant moved to strike all six counts of the complaint. The defendant moves to strike the first count, breach of contract, on the grounds that the employment contract indicates that the plaintiff was employed at will; the second count, promissory estoppel, fails to allege the absence of a valid contract and fails to sufficiently allege detrimental reliance; the third count, intentional infliction of emotional distress, because extreme and outrageous conduct and severe emotional distress are not alleged; the fourth count, negligent infliction of emotional distress, because there is no allegation of conduct involving an unreasonable risk of causing emotional distress during the termination process; the fifth count, wrongfiul discharge, because it is not alleged that an important public policy was violated; and the sixth count fraud, because it is duplicative of the first count and fails to allege the elements of a common law fraud action. In addition, the defendant seeks to strike the entire complaint because the plaintiff fails to include a prayer for relief. Troy filed a memorandum in opposition to the motion to stike on February 21, 2001.
 II
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally CT Page 6178 sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996).
 III
The defendant moves to strike the first count of the complaint sounding in breach of contract on the grounds that the plaintiff was an at will employee. "Traditionally, an employment contact of indefinite duration is terminable at the will of either party." Battista v. United IlluminatingCo., 10 Conn. App. 486, 495, 523 A.2d 1356, cert. denied, 204 Conn. 802,528 A.2d 1151 (1987). The plaintiff, however, alleges in the first count of the complaint that the employment agreement was for a minimum duration of eighteen months, with a guaranteed minimum salary for a period of twelve months. Construing the facts pleaded in the manner most favorable to the plaintiff, an employment contract of indefinite duration or an at will contract is not what is being alleged by the plaintiff. The motion to strike is denied as to the first count.
The plaintiff relies on the theory of promissory estoppel in the second count of the complaint. The defendant moves to strike this count on the grounds that the plaintiff fails to allege the absence of a valid contract and fails to sufficiently allege that he relied on the defendant's representations to his detriment.
"Although generally a party may plead, in good faith, inconsistent facts and theories . . . a plaintiff may not plead promissory estoppel where the parties have a valid contract." (Citations omitted; internal quotation marks omitted.) Moukarzel v. Oxygen Electronics, LLC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 359965 (August 12, 1999, Melville, J.). "An action for promissory estoppel generally lies when there is no written contract, or the contract cannot be enforced for one reason or another. Thus, promissory estoppel is an action outside the contract." Eagle Hill Southport School, Inc. v.Roberts, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362604 (August 24, 2000, Melville, J.). In the present case, while a written contract has been produced, the issues of the validity or enforceability of the contract are not before the court. The court finds that it would not be improper to allow the plaintiff to plead in the alternative.
The court also addresses the defendant's claim that the plaintiff has not sufficiently alleged detrimental reliance. "Under our CT Page 6179 well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief and the other party must change its position in reliance on those facts, thereby incurring some injury." Connecticut National Bank v. Voog, 233 Conn. 352, 366,659 A.2d 172 (1995). "A promise which the promisor should reasonably expect to induce action on the part of the promisee . . . and which does induce such action . . . is binding if injustice can be avoided only by enforcement of the promise." (Internal quotation marks omitted.) LawrenceBrunoli, Inc. v. Town of Branford, 247 Conn. 407, 420, 722 A.2d 271
(1999). "A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all."D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 213, 520 A.2d 217 (1987). In order to withstand a motion to strike and to support contract liability, the plaintiff must allege that the defendant's representations were sufficiently promissory and definite. See Id., 214.
In D'Ulisse-Cupo, the court found that the school principal's oral representations and a posting on a bulletin board were not sufficient to impose contract liability. Here, the alleged representations were made by the defendant in writing and signed by the parties, going far beyond those made in D'Ulisse-Cupo. See Malinconico v. Southern Connecticut GasCo., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 295955 (December 3, 1992, Leheny, J.) (holding that the plaintiff had pleaded with specificity the acts of the defendant upon which she had relied). The defendant's representations were sufficient to impose contractual liability.
The plaintiff must also allege detrimental reliance. Two allegations in the complaint speak to the issue of detrimental reliance. The plaintiff alleges that "[t]he agreement also required [the plaintiff] to sign a "Confidentiality and Nonsolicitation/Noninterference Agreement . . .', which would interfere with his potential or future employment in this area. (Complaint ¶ 9.) The complaint further alleges that the plaintiff "signed both agreements relying on the terms held within them." (Complaint ¶ 10.) The court finds that the plaintiff has sufficiently alleged detrimental reliance.
The plaintiff alleges intentional infliction of emotional distress in the third count of the complaint. The defendant moves to strike this count on the grounds that the plaintiff fails to allege conduct that is CT Page 6180 extreme and outrageous and further fails to allege severe emotional distress.
There are four elements to an intentional infliction of emotional distress claim: (1) the actor must have intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct must have been extreme and outrageous; (3) the defendant's conduct must be the cause of the plaintiffs distress; and (4) the plaintiff must sustain severe emotional distress. Appleton v. Board of Education of Stonington, 254 Conn. 205,210, 757 A.2d 1059 (2000). The court must initially decide whether these elements are satisfied. Id.
"Liability [for the tort of intentional infliction of emotional distress] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id., 210, 11. "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Id., 211.
In Appleton, the offending conduct included: condescending remarks made in front of colleagues and questioning regarding basic skills, communications with the plaintiffs daughter representing that there were differences in the plaintiffs behavior warranting a few days' absence from work, telephoning the police who then escorted the plaintiff from the building to her car, subjecting the plaintiff to two psychiatric examinations, a forced suspension and leave of absence, and a forced resignation. Id. Yet the court found that such conduct on behalf of the defendants was not extreme or outrageous. The actions of the defendant complained of here include the alleged execution of an employment agreement, non-specific allegations of harassment and interference with the plaintiffs work, a demotion and reduction in salary, termination of employment, certain alleged behaviors and remarks at an unemployment hearing, and some other remarks, allegedly made during the course of the plaintiffs employment.
Courts have set a high threshold that must be met in order to find that specific conduct is extreme and outrageous. Thus, while the acts of which the plaintiff complains may have been upsetting to the plaintiff or may have been inappropriate and insensitive, they do not rise to the level required to sustain a legally sufficient claim for intentional infliction of emotional distress.
The fourth count of the complaint sounds in negligent infliction of CT Page 6181 emotional distress. The defendant moves to strike this count on grounds that the plaintiff failed to plead the requisite elements of the cause of action, i.e., conduct involving an unreasonable risk of causing emotional distress during the termination process.
"[T]o state . . . a claim [for negligent infliction of emotional distress,] the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.)Parsons v. United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655
(1997). "Negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process." (Internal quotation marks omitted.) Id.; Pavliscak v. Bridgeport Hospital, 48 Conn. App. 580,597-98, 711 A.2d 747, cert. denied, 245 Conn. 911, 718 A.2d 17 (1998); see Saloomey v. A Child's Garden, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324092 (April 24, 1996, Levin,J.); see also Abate v. Circuit-Wise, Inc., 130 F. Sup.2d 341, 346
(D.Conn. 2001); Fonseca v. RBC Heim Bearings Corp., 87 F. Sup.2d 137,139 (D.Conn. 2000).
Here, the plaintiff does not allege conduct of the defendant during the actual termination process[1] that may be construed as involving an unreasonable risk of causing emotional distress of the sort that could result in illness or bodily harm. The plaintiff simply alleges that he "received notice of his termination." "The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." Parsons v. United Technologies Corp., supra, 243 Conn. 89.[2]
Alternatively, the court may find, based on recent Superior Court authority, that while the plaintiff does not allege the requisite conduct to maintain an action for negligent infliction of emotional distress during the discharge process, his allegations of the defendant's conduct prior to termination are sufficient to maintain such an action. See Harropv. Allied Printing Services, Inc., supra, 26 Conn.L.Rptr. 703; Karandav. Pratt Whitney Aircraft, supra, 24 Conn.L.Rptr. 521. "[T]he question of whether a claim for the negligent infliction of emotional distress exists under Connecticut law for acts in the employment context . . . [is an] issue of Connecticut law as to which considerable doubt exists." Malik v. Carrier Corp., 202 F.3d 97, 104 (2000) (recognizing that emotional harm may be caused by an employer's actions during the course of employment). The court after further review finds that the plaintiff has failed to sustain a legally sufficient claim for negligent infliction of emotional distress. CT Page 6182
The fifth count of the complaint alleges wrongful discharge. There is "a common law cause of action for wrongful discharge in situations in which the reason for the discharge involved impropriety . . . derived from some important violation of public policy." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580-81,693 A.2d 293 (1997). "We are . . . mindful that the myriad of employees without the bargaining power to command employment contracts for a definite term are entitled to a modicum of judicial protection when their conduct as good citizens is punished by their employers." Sheets v.Teddy's Frosted Foods, Inc., 179 Conn. 471, 477, 427 A.2d 385 (1980).
In Faulkner v. United Technologies Corp., the employee was allegedly discharged in retaliation because he refused to participate in the employer's scheme to defraud the federal government, in violation of the Major Frauds Act. In Sheets v. Teddy's Frosted Foods, the discharge was allegedly in retaliation for the employee's instance that the employer comply with the Connecticut Uniform Food, Drug and Cosmetic Act. In the present case, there is no alleged action on the part of the employer that is in contravention of public policy set forth in any relevant legislation. There is also no alleged refusal on the part of the plaintiff to participate in the unlawful conduct of his employer or allegation that he was discharged in retaliation for conducting himself as a good citizen. The plaintiffs allegations of wrongful discharge are not legally sufficient.
The sixth count of the complaint sounds in fraud. "The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." BarbaraWeisman, Trustee v. Kaspar, 233 Conn. 531, 539, 661 A.2d 530 (1995).
The plaintiff fails to allege that the statements made by the defendant in the employment contract were false and that the defendant knew they were false when they were made. Additionally, there is no allegation that the statements contained in the employment contract were made to induce the plaintiff to act upon them and that the plaintiff did so to his detriment. Thus, the plaintiff simply fails to make the requisite allegations to support a common law fraud action.
As for the absence of a prayer for relief, this error does not implicate the subject matter jurisdiction of this court. See Chapin v.Chapin, 155 Conn. 691, 692, 229 A.2d 548 (1967). The plaintiff has already sought leave to amend his complaint to include a prayer for CT Page 6183 relief, the court therefore, will not strike the complaint in its entirety on this basis.
 IV
For the foregoing reasons, the defendant's motion to strike is denied as to the first and second counts of the complaint, and granted as to the third through sixth counts of the complaint.